A91A2263. EIDSON v. BERRY et al.
(415 SE2d 16)

McMURRAY, Presiding Judge.

James A. Eidson (plaintiff) filed a defamation action against Bobby Berry, Decatur Publishing Company, Inc. and Southside Sun Publishing Company, Inc. (defendants), alleging defendant Berry "injured [his] reputation and exposed [him] to public hatred, contempt and ridicule" in a letter that was published in the *Southside Sun* newspaper. Defendant Berry denied the material allegations of the complaint and filed a motion for summary judgment.

Plaintiff is an attorney licensed to practice law in the State of Georgia. Plaintiff has provided legal services for the City of East Point, Georgia, and has been characterized as the attorney for the City of East Point.

On January 4 or 5, 1991, defendant Berry posted a letter to the editor of the *Southside Sun* newspaper, criticizing the East Point "city attorney" for allegedly turning over a tape recorded conversation between city officials to the news media. On January 11, 1991, the letter was published in the *Southside Sun* newspaper and it states, in pertinent part, as follows: "It has been revealed that some tapes exist in which our Mayor and one councilman are guilty of a racial slur. I feel that the city attorney was acting improperly when he delivered the tapes to the newspaper and that the secretary that recorded a private conversation was also acting illegally. They should both be prosecuted and the city attorney should be barred from practicing law because he knowingly violated Federal law."

The trial court granted defendant Berry's motion for summary judgment, finding that defendant Berry's statements were "merely his opinion about what he thought should take place in the future. . . ." This appeal followed. *Held:*

There is no "wholesale defamation exemption for anything that might be labeled 'opinion.' [To say otherwise would] ignore the fact that expressions of 'opinion' may often imply an assertion of objective fact." *Milkovich v. Lorain Journal Co.,* ___ U. S. ___ (110 SC 2695, 111 LE2d 1). Any defamatory expression on matters of public concern that is provable as false may carry liability under state defamation

law. Id at 18. Consequently, the trial court erred in excluding defendant Berry's liability for defamation based on the simple characterization of defendant Berry's comments as an opinion. The pivotal questions are whether defendant Berry's statements can reasonably be interpreted as stating or implying defamatory facts about plaintiff and, if so, whether the defamatory assertions are capable of being proved false.

"A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." OCGA § 51-5-1 (a). " 'Libel per se consists of a charge that one is guilty of a crime, dishonesty or immorality. (Cit.)' *Grayson v. Savannah News-Press*, 110 Ga. App. 561, 566 (139 SE2d 347) (1964)." *Barber v. Perdue*, 194 Ga. App. 287, 288 (390 SE2d 234). In the case sub judice, the comments in defendant Berry's letter regarding the alleged illegal conduct of the "city attorney" can easily be taken as an assertion that plaintiff, as attorney for the City of East Point, is guilty of a crime punishable by law. Further, the accusation that plaintiff is guilty of a crime punishable by law is susceptible of being proved false. It therefore appears that circumstances exist which raise genuine issues of material fact as to defendant Berry's liability for defamation. However, plaintiff "concedes, for purposes of this action, that he is a 'public figure' who is prohibited 'from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with "actual malice" — that is, with knowledge that it was false or with reckless disregard of whether it was false or not.' *New York Times v. Sullivan*, 376 U. S. 254, 279-280 (84 SC 710, 11 LE2d 686) (1964). Inasmuch as the First Amendment mandates that a public figure plaintiff prove actual malice by clear and convincing evidence (id. at 285-286; *Harte-Hanks Communications v. Connaughton*, ___ U. S. ___ (109 SC 2678, 105 LE2d 562) (57 LW 4846) (1989); *Williams v. Trust Co. of Ga.*, 140 Ga. App. 49, 52 (230 SE2d 45) (1976)), 'a court ruling on a motion for summary judgment (in such a case) must be guided by the *New York Times* "clear and convincing" evidentiary standard in determining whether a genuine issue of actual malice exists — that is, whether the evidence presented is such that a reasonable jury might find that actual malice had been shown with convincing clarity.' *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 257 (106 SC 2505, 91 LE2d 202) (1986)." *Barber v. Perdue*, 194 Ga. App. 287, 288, supra.

In the case sub judice, there is no evidence supporting defendant Berry's accusations that the attorney for the City of East Point delivered a tape recorded conversation between city officials to the news media or that the attorney for the City of East Point violated federal law. On the contrary, defendant Berry gave deposition testimony, ad-

mitting that he did "not know for a fact that [plaintiff] delivered [a tape recorded conversation between city officials] to the newspapers" and explaining that he assumed plaintiff delivered any such recording to the media because "the information was out there." Defendant Berry also testified that he assumed there is a federal prohibition against tape recording private conversations "unless all the parties involved in this conversation knew that the conversation was being recorded" and that plaintiff violated federal privacy law by delivering an illegally taped conversation to the news media. This evidence alone is sufficient to authorize any reasonable jury's finding that defendant Berry acted with reckless disregard for the truth in accusing the attorney for the City of East Point of violating federal law. *Barber v. Perdue*, 194 Ga. App. 287, 288, supra. The trial court erred in granting defendant Berry's motion for summary judgment.

*Judgment reversed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JANUARY 9, 1992 —
RECONSIDERATION DENIED JANUARY 28, 1992 — 

*Jones, Brown, Brennan & Eastwood, Taylor W. Jones, Timothy R. Brennan*, for appellant.
*Scott Walters, Jr.*, for appellees.