A92A0971. CONSOLIDATED ELECTRIC SUPPLY, INC. v.
BISHOP CONTRACTING COMPANY, INC.
(423 SE2d 415)

JOHNSON, Judge.

Consolidated Electric Supply, Inc., supplied materials for the construction of a YWCA Emergency Shelter in Cobb County. When Blake & Kale Electrical Contractors, Inc., the electrical subcontractors, failed to pay for the materials, Consolidated brought an action against Aetna Casualty & Surety Company on a payment bond which it had issued on the project. Aetna filed a third-party complaint against Bishop Contracting Company, Inc., the general contractor, pursuant to an indemnification agreement it had executed with Aetna regarding the payment bond. Bishop asserted in its answer that the action was barred by the one-year statute of limitation contained in OCGA § 36-82-105. In its original answer Aetna did not raise a statute of limitation defense, but it later amended its answer to include that defense. Bishop filed a motion for summary judgment based on the one-year statute of limitation. The motion was granted by the

trial court, and Consolidated appeals. We reverse.

OCGA § 36-82-101 provides that: "No contract with this state or with a county, municipal corporation, or any other public board or body thereof for the doing of any public work shall be valid for any purpose unless the contractor shall comply with Code Section 13-10-1." OCGA § 13-10-1 refers to the posting of performance and payment bonds, and it exactly tracks the language of OCGA § 36-82-101 regarding which entities are required to obtain bonds and the nature of the projects contemplated by the statute.

Following the filing of Bishop's motion for summary judgment, Consolidated amended its complaint by deleting reference to OCGA § 36-82-101, but maintained its claim for payment under the bond. Bishop argues that the bond was given pursuant to OCGA § 36-82-101, and offers as proof the affidavit of E. Neil Bishop, President and Chief Executive Officer of Bishop Contracting Company, Inc. which states: "The governmental funding agency for the Project which is the subject matter of this action required performance and payment bonds as specified by OCGA Sections 36-82-101 and 13-10-1." Therefore Bishop concludes that the one-year statute of limitation in OCGA § 36-82-105 should apply.

The assertions contained in the affidavit of E. Neil Bishop are conclusory facts and conclusions of law which cannot be used in support of a motion for summary judgment. *Peterson v. Midas Realty Corp.*, 160 Ga. App. 333 (287 SE2d 61) (1981). There is nothing in the record before us which establishes how the project was to be funded. Similarly we do not have before us any evidence that the "government funding agency" referred to in the affidavit requiring issuance of a bond.

From the evidence in the record before us, it is clear that Cobb County was not a party to the construction contracts. On the face of the bonds themselves, which are a part of the record, Cobb County is identified as "Local Agency." Yet the bonds state that: "Principal (defined as Bishop) entered into a certain contract with Local Agency dated the 23rd day of August, 1988, a copy of which is hereto attached and made a part hereof. . . ." A second bond incorporating a contract dated July 29, 1988 had identical language. The contracts for the project incorporated by reference into the bonds, identify the parties, however, as "Owner," identified as YWCA of Cobb County and "Contractor," identified as Bishop. Change orders were authorized by Barbara Bruegge, Director of YWCA of Cobb County and the Certificate of Substantial Completion indicates that acceptance is to be made by the YWCA. These documents neither solicit nor require participation from Cobb County. Since no state, county, or municipal corporation was a party to the contract triggering the provisions of the statute, the only remaining issue to be addressed is whether the

YWCA of Cobb County is a public board or body as contemplated by the statute.

OCGA § 36-82-101 et seq. is based on the federal Miller Act, 40 USC § 270a through 270d. The federal statute provides that an appropriate bond must be issued "Before any contract . . . for the construction, alteration or repair of any public building or public work of the United States. . . ." 40 USC § 270a. Both the federal and Georgia statutes are intended to provide subcontractors providing goods and labor on government projects with a security interest similar to those they would have on private projects. However, neither the federal statute nor the Georgia "Little Miller Act"[1] define "public works" or "public board." Entities which have been held by Georgia courts to fall within the purview of the statute include a board of education, held to be a public board within the meaning of the OCGA § 36-82-101 in *Lance Roofing Co. v. Bd. of Ed. &c.*, 235 Ga. 590 (221 SE2d 23) (1975); *Lance Roofing Co. v. Bd. of Ed. &c.*, 138 Ga. App. 364 (226 SE2d 161) (1976); a city housing authority, held to be a public body within the meaning of the statute in *Housing Auth. of Douglas v. Marbut Co.*, 127 Ga. App. 379 (193 SE2d 574) (1972); the Georgia Department of Transportation, a division of the State of Georgia, held to fall within the ambit of the statute in *USF&G Co. v. Rome Concrete Pipe Co.*, 256 Ga. 661 (353 SE2d 15) (1987). From the examples in these opinions, it is clear that the nexus between public works and/or public bodies for purposes of the applicability of OCGA § 36-82-101 is closely aligned to the provision of essential government services. The federal Miller Act and its Georgia counterpart are not intended to be applied to any project which may incidentally be the recipient of some public funding.

Nothing in the record of this case indicates that the YWCA of Cobb County provides essential government services or is a division of state or local government. We hold that the YWCA of Cobb County is not a public board as contemplated by OCGA § 36-82-101 et seq., and the statute of limitation contained therein is inapplicable to this case. The judgment of the trial court in granting Bishop's motion for summary judgment based on the statute of limitation contained in OCGA § 36-82-105 must be reversed.

*Judgment reversed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1992.

*Zachary & Segraves, Finn Duerr*, for appellant.

---

[1] OCGA § 36-82-101 et seq. tracks the language of the federal Miller Act. The Georgia statute has been referred to by the parties and in previous cases construing that statute as the "Little Miller Act."

*Varner, Stephens, Wingfield & Humphries, William W. Hopson, Dorothy H. Bishop,* for appellee.