A93A2044. KENDRICK v. JAEGER et al.
(436 SE2d 92)

BLACKBURN, Judge.

Appellant James Kendrick d/b/a Town and Country Landscape (Kendrick), filed the underlying action sounding in libel against Dale Jaeger, individually and as agent for Jaeger/Pyburn, Inc. and the Jaeger Company (Jaeger), for statements made by Jaeger to the Gainesville City Council which were subsequently published in The Gainesville Times. The trial court granted Jaeger's motion for summary judgment and this appeal followed.

It is undisputed that in March 1992 Jaeger was a professional landscape designer who was working with the City of Gainesville pursuant to a contract between the city and Jaeger. Jaeger provided design services, bidding assistance, and contract administration relating

---

to irrigation and landscape improvements to the Gainesville Civic Center. Jaeger analyzed the bids presented by eight companies to complete the landscape improvements. With regard to each of the bids, Jaeger evaluated the size of the projects previously performed by each landscaping company, contacted the references provided by each landscape contractor, viewed projects previously completed by each bidder, evaluated the bids in relation to each other, and figured the overall cost of each bid to the city. Thereafter, Jaeger concluded that the project should be awarded to the contractor with the third lowest bid. It is further undisputed that Kendrick submitted the lowest bid. On March 19, 1992 and April 7, 1992, Jaeger presented her opinion to the Gainesville City Council. She displayed slides depicting landscape projects performed by the lowest bidders. On April 7, 1992, the city council voted to award the contract to a contractor other than Kendrick.

Kendrick averred in his complaint that on March 20, 1992, The Gainesville Times published an article containing statements made by Jaeger concerning her evaluation of the bids. Jaeger is quoted as saying, "It's important that we have a good impression." Kendrick further alleges that the article continues with Jaeger stating that she believes the extra expenditure of taxpayer money is worth it, and that her choice for the job could handle the project better than the two lower bidders. In an article published April 3, 1992, Jaeger is quoted as saying that her choice was the "lowest responsible bidder based on its record of completing projects of the magnitude of the civic center and based on their quality of work." Kendrick contends that by these statements "a direct reference is made to [Kendrick], as an entity incapable of handling the project and providing a low quality of work."[1]

We have previously determined that "[t]here is no wholesale defamation exemption for anything that might be labeled opinion. To say otherwise would ignore the fact that expressions of opinion may often imply an assertion of objective fact." (Citation and punctuation omitted.) *Eidson v. Berry*, 202 Ga. App. 587 (415 SE2d 16) (1992). However, "[t]he expression of opinion on matters with respect to which reasonable men might entertain differing opinions is not libelous. . . . An assertion that cannot be proved false cannot be held libelous. A writer cannot be sued for simply expressing his opinion of another person, however unreasonable the opinion or vituperous the expressing of it may be. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." (Citations and punctuation

---

[1] However, Jaeger's statements do not make a "direct reference" to Kendrick; therefore, if any reference is found, it must be implied.

omitted.) *Bergen v. Martindale-Hubbell*, 176 Ga. App. 745, 747 (337 SE2d 770) (1985).

"As a general rule, the question of whether a particular publication is libelous is a question for the jury. If its meaning is not ambiguous and can reasonably have but one interpretation, the question is one of law for the judge[;] . . . the trial judge, reading and construing the publication as a whole, may find that it is not defamatory, that it is defamatory, or that it is ambiguous and the question is one for a jury." (Citations and punctuation omitted.) *Morrison v. Hayes*, 176 Ga. App. 128, 129 (335 SE2d 596) (1985).

The statements made by Jaeger were an expression of her opinion that one contractor was more suited for a job than another. It is abundantly clear that reasonable people could hold differing opinions on this issue. It is also clear that Jaeger's statements were neither defamatory nor ambiguous; therefore, the trial court properly granted Jaeger's motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 23, 1993.

*Whitmer & Law, Raymond E. George*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Gregory H. Wheeler*, for appellees.

