A94A2736. COLLINS v. COX ENTERPRISES, INC.

(452 SE2d 226)

JOHNSON, Judge.

Cox Enterprises, Inc., published a newspaper editorial endorsing John Frank Collins' opponent in an election for the Georgia Public Service Commission. The editorial stated in part: "Once, his name was John Collins. But in a deeply cynical and revealing act, he changed it to John Frank Collins during the gubernatorial term of Joe Frank Harris, believing that if he couldn't be elected on his merits, maybe he could fool voters into putting him into power." Based on this quoted portion of the editorial, Collins sued Cox for libel. Cox moved for judgment on the pleadings. The trial court granted the motion. Collins appeals.

Collins argues the court erred in granting judgment on the pleadings to Cox. "To justify the grant of a judgment on the pleadings it is not sufficient that the complaint fails to state a claim on which relief can be granted, but the pleadings must affirmatively show that no claim in fact exists." (Citations and punctuation omitted.) *Bergen v. Martindale-Hubbell*, 176 Ga. App. 745, 746 (1) (337 SE2d 770) (1985). Here, Collins' complaint affirmatively shows that no libel claim in fact exists.

"A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." OCGA § 51-5-1 (a). As a candidate for public office, Collins was a public figure, and can recover on his libel claim only by presenting clear and convincing proof that Cox published the alleged defamatory falsehood with actual malice. See *Sigman v. Cove*, 169 Ga. App. 580, 581 (314 SE2d 238) (1984). The issue of actual malice, however, is not even reached in this case because the allegedly false statement published by Cox is the type of editorial opinion that cannot be held libelous.

"[T]here is no wholesale defamation exemption for anything that might be labeled opinion. To say otherwise would ignore the fact that expressions of opinion may often imply an assertion of objective fact. However, (t)he expression of opinion on matters with respect to which reasonable men might entertain differing opinions is not libelous. An assertion that cannot be proved false cannot be held libelous. A writer cannot be sued for simply expressing his opinion of another person, however unreasonable the opinion or vituperous the expressing of it may be. However pernicious an opinion may seem, we

depend for its correction not on the conscience of judges and juries but on the competition of other ideas." (Citations and punctuation omitted.) *Kendrick v. Jaeger*, 210 Ga. App. 376, 377 (436 SE2d 92) (1993).

Cox's editorial opinion that Collins hoped to fool voters by running for public office under the name John Frank Collins while Joe Frank Harris was governor does not imply an assertion of objective fact that might be proved false; rather, it is merely speculation as to Collins' motive based on his behavior. Compare *Eidson v. Berry*, 202 Ga. App. 587, 588 (415 SE2d 16) (1992). Collins' motive is a matter about which reasonable people might differ. Cox's conjecture regarding Collins' motive cannot be proven as absolutely true or false and therefore is the sort of opinion that is not actionable as libel. See *Milkovich v. Lorain Journal Co.*, 497 U. S. 1, 17-23 (110 SC 2695, 111 LE2d 1) (1990); *Haynes v. Knopf*, 8 F3d 1222, 1227 (2, 3) (7th Cir. 1993). Because no libel claim in fact exists, the trial court did not err in granting Cox's motion for judgment on the pleadings. See *Bergen v. Martindale-Hubbell*, supra at 746-747 (3); *Grayson v. Savannah News-Press*, 110 Ga. App. 561 (139 SE2d 347) (1964).

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 16, 1994.

*Howell W. Ragsdale, Jr.*, for appellant.
*Cook & Palmour, Bobby Lee Cook, Dow, Lohnes & Albertson, Peter C. Canfield, Thomas M. Clyde*, for appellee.