## A95A1465. KIRSCH v. JONES et al.
(464 SE2d 4)

JOHNSON, Judge.

William Brown, Jr., the owner and president of Exclusive Properties, Inc., hired attorneys Taylor Jones and Myles Eastwood to file a lawsuit concerning a portfolio of security deeds which had been assigned to Dennis Talkington and others. Jones and Eastwood eventually withdrew as counsel for Brown and Exclusive, who then hired Carl Kirsch as their lawyer. Kirsch helped Brown and Exclusive obtain a default judgment against Talkington and others.

On behalf of Brown and Exclusive, Kirsch then sued Jones, East-

wood, and their law firm, claiming they committed legal malpractice in the Talkington lawsuit by failing to place lis pendens notices on the property in question, failing to seek an interlocutory injunction, and failing to seek cancellation of the underlying transfer of property to Talkington on the basis of fraud. Jones, Eastwood and the law firm responded in part by filing a third-party complaint against Kirsch, alleging that he too was negligent in his representation of Brown and Exclusive by failing to pursue any post-judgment collection efforts in the Talkington case. The trial court granted summary judgment to Kirsch on the third-party complaint. Jones, Eastwood and the law firm did not appeal from that judgment.

On his own behalf, Kirsch next sued Jones, Eastwood, the law firm and Home Insurance Company, alleging that they were abusively litigious in filing the third-party complaint.[1] Kirsch also sued Jones for defamation based on statements which were published in a newspaper. The trial court granted summary judgment to Jones, Eastwood, the law firm and the insurance company. Kirsch appeals from the grant of summary judgment.

1. Kirsch's argument that the trial court erred in granting summary judgment to Jones on the defamation claim is without merit. The claim is based on the following statements published in the Fulton Daily Report newspaper and attributed to Jones: that Kirsch took over and bungled the Talkington case; that Kirsch is directly responsible for the problems of Brown and Exclusive and should be liable for any judgment rendered against Jones' law firm in the malpractice suit; and that if Kirsch had any sense at all, he would not have touched the case with a ten-foot pole. Because the alleged statements are merely expressions of opinion and hyperbole about which reasonable people might differ and which cannot be proved to be true or false, they are not actionable as being defamatory. See *Collins v. Cox Enterprises*, 215 Ga. App. 679, 680 (452 SE2d 226) (1994); *Bergen v. Martindale-Hubbell*, 176 Ga. App. 745, 746-747 (3) (337 SE2d 770) (1985). Accordingly, the court properly granted summary judgment to Jones. See *Kendrick v. Jaeger*, 210 Ga. App. 376, 377-378 (436 SE2d 92) (1993).

2. Kirsch correctly asserts that the court erred in granting summary judgment to defendants Jones, Eastwood, the law firm and the insurance company on the abusive litigation claim. "Any person who takes an active part in the initiation, continuation, or procurement of civil proceedings against another shall be liable for abusive litigation if such person acts: (1) With malice; and (2) Without substantial jus-

---

[1] Kirsch also sued Dwight Meredith, the attorney who gave an affidavit in support of the third-party complaint, for abusive litigation. In *Kirsch v. Meredith*, 211 Ga. App. 823 (440 SE2d 702) (1994), we affirmed the grant of summary judgment to Meredith.

tification." OCGA § 51-7-81. " 'Malice' means acting with ill will or for a wrongful purpose and may be inferred in an action if the party initiated, continued, or procured civil proceedings or process in a harassing manner or used process for a purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based." OCGA § 51-7-80 (5). " 'Without substantial justification,' . . . means that such civil proceeding . . . is: (A) Frivolous; (B) Groundless in fact or in law; or (C) Vexatious." OCGA § 51-7-80 (7). In the present case, there are genuine issues of material fact as to whether the defendants pursued the third-party complaint against Kirsch with malice and without substantial justification.

It is well settled that a "third-party complaint must be against one who is or may be liable to the third-party plaintiff for all or part of the original plaintiff's claim against him. OCGA § 9-11-14 does not allow the tender of another defendant who is or may be liable to the plaintiff." (Citations and punctuation omitted.) *Mayor &c. of Savannah v. Southern Bulk Indus.*, 198 Ga. App. 867 (1) (403 SE2d 447) (1991). Here, the trial court properly granted summary judgment to Kirsch on the third-party complaint filed by Jones, Eastwood and the law firm as the defendants in the malpractice action because Kirsch was not liable to them for any of their own negligent acts as alleged in the malpractice claim brought by Brown and Exclusive. Rather, the third-party claim that, long after Jones and Eastwood had withdrawn as counsel, Kirsch himself acted negligently in representing Brown and Exclusive, was merely the tender of Kirsch as a substitute defendant who might also be liable to Brown and Exclusive for acts unrelated to the defendants' acts. See *Cohran v. Jones*, 160 Ga. App. 761, 762 (1) (288 SE2d 80) (1981). The third-party complaint was thus completely without merit. See *Lamb v. K. M. Ins. Co.*, 208 Ga. App. 746, 747 (431 SE2d 744) (1993).

We note that Kirsch's entitlement to summary judgment on the third-party complaint does not automatically mean that there are genuine issues of material fact as to whether the filing of that complaint was abusive litigation. See *Seckinger v. Holtzendorf*, 200 Ga. App. 604, 605-607 (409 SE2d 76) (1991). Even though Kirsch was granted summary judgment on that third-party complaint, Jones, Eastwood and the law firm still would be entitled to summary judgment on Kirsch's abusive litigation claim if the undisputed evidence proved that their pursuit of that third-party complaint was not malicious and was substantially justified. See *Ibrahim v. Talley & Assoc.*, 214 Ga. App. 609, 611-612 (2) (448 SE2d 707) (1994). However, the evidence as it now stands presents questions of fact as to whether the defendants were abusively litigious.

Jones and Eastwood are correct in stating that acting in good faith is a complete defense to an abusive litigation claim. See OCGA

§ 51-7-82 (b). But, contrary to their argument, their self-serving and conclusory affidavits asserting that they pursued the third-party action against Kirsch in good faith do not entitle them to summary judgment. See *Trico Ins. Agencies v. Selective Ins. Co. &c.*, 213 Ga. App. 138, 139 (1) (444 SE2d 119) (1994); *Consolidated Elec. Supply v. Bishop Contracting Co.*, 205 Ga. App. 674, 675 (423 SE2d 415) (1992). Instead, the defendants' statements that they acted in good faith are evidence to be considered by the jury in light of all the circumstances in the case. See *Hodges v. Youmans*, 129 Ga. App. 481, 483 (3) (200 SE2d 157) (1973).

Under the circumstances of this case, a trier of fact could find that the malpractice defendants' filing of a completely meritless third-party complaint against the lawyer for the malpractice plaintiffs was frivolous, groundless in fact and law, and done for a purpose other than that of securing the proper adjudication of the malpractice claim. Because genuine issues of material fact exist as to whether the defendants pursued the third-party complaint with malice and without substantial justification, the trial court erred in granting summary judgment on the abusive litigation claim. See OCGA § 9-11-56.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Smith, J., concur.*

DECIDED OCTOBER 24, 1995 — RECONSIDERATIONS DENIED NOVEMBER 2, 1995 AND NOVEMBER 8, 1995 — ▮▮▮▮▮▮▮▮

*Carl V. Kirsch*, pro se.

*Freeman & Hawkins, H. Lane Young II, Thomas F. Wamsley, Jr., Thomas G. Tidwell*, for appellees.