A96A1732. STRANGE v. HENDERSON.
(477 SE2d 330)

ELDRIDGE, Judge.

Appellant, Lewis W. Strange, challenges a judgment of the State Court of Chattooga County, Georgia, in the amount of $25,000 in favor of appellee, Hugh Henderson. Appellee successfully sued appellant for oral defamation based on appellant's statements during a radio broadcast in July 1991.

The incident involved a radio talk show known as "Feedback," which encouraged listeners to call in and discuss current events with a moderator. Appellant participated regularly, to the point that he sometimes referred to his contributions to "Feedback" as the "Lewis Strange Show." While on the air, appellant discussed issues ranging from abortion rights and religion to county tax problems. He testified that he often said things on the air that he did not believe as "entertainment" for the listeners.

On July 9, 1991, appellant called into the radio show·and discussed a recent fire at a building owned by appellee. During his time on the air, appellant named appellee as owner of the building and

stated that the building was not insured; that appellee was attempting to get a government grant to rebuild the building at taxpayer expense instead of "being responsible and covering [his] behind and having insurance"; and that property taxes on the building were "way delinquent."

Appellant admits that he had done nothing to confirm his statements before making them on the air and that his information came from an anonymous phone call prior to the broadcast. He claims that he learned later that day that he was wrong about the building's insurance; he called the radio station the next day to say that appellee was "not involved" in the subject of the previous day's discussion and to apologize to appellee. Appellant never apologized to appellee directly, although they had some contact in the days after the broadcast.

After the case was filed, appellant notified appellee that he intended to introduce the tapes of the broadcast at trial. However, appellant filed a motion in limine immediately prior to the trial to exclude as immaterial many of appellant's controversial statements that were made during the broadcasts on July 9 and 10, 1991. The court denied the motion, and the jury heard a complete tape of the broadcast, as well as an abbreviated version containing just the statements at issue in the trial. In addition, jurors were given written transcripts of the tapes to assist them in following the broadcast dialogue during the trial.

Defamation via a radio or television broadcast (or a "defamacast," as it has become generally known) includes elements of both libel under OCGA § 51-5-1, and slander under OCGA § 51-5-4. *S & W Seafoods Co. v. Jacor Broadcasting*, 194 Ga. App. 233 (390 SE2d 228), cert. denied, 194 Ga. App. 912 (1990); *Montgomery v. Pacific & Southern Co.*, 131 Ga. App. 712, 715 (206 SE2d 631), aff'd 233 Ga. 175 (210 SE2d 714) (1974). Libel is a "false and malicious defamation of another . . . tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." OCGA § 51-5-1. According to OCGA § 51-5-4 (a) (3), slander or oral defamation includes, inter alia, "[m]aking charges against another in reference to his trade, office or profession, calculated to injure him therein. . . ." This type of defamation is actionable per se and damage is inferred. *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 852 (278 SE2d 689) (1981); *Sherwood v. Boshears*, 157 Ga. App. 542, 543 (278 SE2d 124) (1981); *Southland Corp. v. Garren*, 138 Ga. App. 246, 250 (225 SE2d 920), rev'd on other grounds, 237 Ga. 484 (228 SE2d 870) (1976); *Mell v. Edge*, 68 Ga. App. 314 (22 SE2d 738) (1942).

1. In the first enumeration of error, appellant asserts that the trial court erred in failing to charge the jury pursuant to OCGA § 51-5-4 (b), that proof of special damages is essential to support this

action. Appellant claims that his statements that appellee was uninsured and had not paid property taxes were not references to appellee's "trade, profession, or business," since appellee was retired. Therefore, appellant asserts, the statements were not actionable per se under OCGA § 51-5-4 (a) (3), and appellee could not recover without proving special damages. OCGA § 51-5-4 (b).

However, appellee testified that he was "semi-retired" at the time of the incident, and that he continued to own and manage rental property, including the property referred to by appellant during the broadcast. Supporting the evidence that appellee was still employed in real estate at the time of the incident was appellant's admission that he had purchased property from appellee after the incident. A false accusation that the owner of rental property failed to insure or pay property taxes on such property could reasonably be construed to refer to one's "trade, profession, or business." Therefore, the accusation is actionable per se, and special damages do not have to be proved to sustain a finding of defamation under OCGA § 51-5-4 (a) (3).

2. In the second enumeration of error, appellant asserts that the trial court erred in not granting appellant's motion in limine, and thereafter allowing into evidence appellant's immaterial, irrelevant, and prejudicial statements regarding his controversial views on religion and abortion.

Under OCGA § 24-2-4, "[w]here either party introduces part of a document or record, the opposite party may read so much of the balance as is relevant." In addition, under OCGA § 24-3-38, "[w]hen an admission[1] is given in evidence by one party, it shall be the right of the other party to have the whole admission and all the conversation connected therewith admitted into evidence." These rules provide the context necessary for the jury to determine the speaker's "true drift, intent and meaning" when the statement was made. See *Smalls v. State*, 105 Ga. 669, 671 (31 SE 571) (1898); *Peacock v. State*, 170 Ga. App. 309, 312 (316 SE2d 864) (1984).

In the case sub judice, appellant notified appellee of his intention to introduce as evidence tapes and transcripts of the July 9 and 10, 1991 broadcasts of the "Feedback" radio show. He later filed a motion in limine seeking to exclude appellant's "ranting and raving" and other "idle banter" from evidence. The trial court denied the motion.

In introducing the tapes as evidence, appellant apparently intended to prove that his motivation for making the statements about appellee was to influence public policy by informing "Feedback"

---

[1] An admission is an out-of-court statement which is "positive or substantive proof of the facts asserted" and "inconsistent with the contention of the party." *Seaboard Coast Line R. Co. v. Duncan*, 123 Ga. App. 479, 480 (181 SE2d 535) (1971).

listeners about tax issues. However, when confronted upon cross-examination with several controversial statements he made on the radio within moments of the statements at issue, appellant claimed that he did not always believe what he said on the air and was "just entertaining" the public.

The statements regarding abortion and religion, which the appellant wants to exclude, are relevant to the case because they provide a context from which the jury could have inferred that, rather than serving a legitimate public service, appellant instead was acting maliciously to incite the public with a reckless disregard for the truth. See OCGA § 51-5-5; *Melton v. Bow*, 145 Ga. App. 272 (243 SE2d 590), aff'd 241 Ga. 629 (247 SE2d 100), cert. denied, 439 U. S. 985 (99 SC 576, 58 LE2d 656) (1978); *Montgomery*, supra at 716. " '[W]hen the totality of the circumstances suggests malice, . . . even though the publisher may testify that he acted in good faith (or without malice) "the facts, all the facts, are to be considered in arriving at the truth of his real motive." (Cits.) It is never expected that the publisher will *admit his own malice. . . . The circumstances, all of the circumstances*, must be considered, and from those . . . a jury may properly conclude the publisher was motivated by malice.' [Cits.]" *Melton*, supra at 272-273. To be defamatory, a statement must be both false and malicious, OCGA § 51-5-1; therefore, the jury's determination regarding appellant's motivations in making the statements at issue is material to the case sub judice, and the statements were properly admitted into evidence for the jury's consideration.

Appellant also asserts that the abortion and religion statements prejudiced the jury against appellant. However, no mention of potential prejudice was made in appellant's motion in limine, nor were objections made when the tapes were played to the jury. " 'Failure to object in the trial court leaves nothing for this court to review on appeal. [Cit.]' " *James v. Tyler*, 215 Ga. App. 479, 480 (451 SE2d 506) (1994). Therefore, appellant failed to preserve this issue for consideration by this Court.

3. Finally, appellant asserts that the verdict, judgment, and order overruling appellant's motion for new trial should be reversed, as the verdict is contrary to law, contrary to the evidence, and against the weight of the evidence.

Specifically, appellant asserts that the statements at issue could not have been defamatory because they were true. Appellant claims that appellee had underinsured his building by one third of its value, i.e., $200,000 of its approximately $300,000 value. In addition, appellant notes that appellee had been delinquent in payment of his property taxes in 1988 and 1989.

However, appellant's statements on the "Feedback" radio show in 1991 were that "Mr. Henderson there in town owns that build-

ing. . . . And the building burnt down, there was *no insurance*, . . . [and] that property was *way delinquent* on these property taxes . . ." at the time of the fire. (Emphasis supplied.) Appellant admitted during his testimony that the statements were false. Therefore, this Court rejects appellant's belated, contradictory, and meritless argument that the statements were, in fact, true after all.

Further, appellant asserts for the first time that his broadcast statements were privileged as a matter of law, since they were "[s]tatements made with a good faith intent on the part of the speaker to protect his or her interest in a manner in which it is concerned." OCGA § 51-5-7 (3). However, appellant did not claim privilege as a defense in his answer, during pre-trial motions, through requested jury charges, at trial, or during his motions for a new trial. Therefore, the defense of privilege was waived and is not reviewable by this Court.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 2, 1996 —
RECONSIDERATION DENIED OCTOBER 16, 1996.

*W. Benjamin Ballenger*, for appellant.
*Cook & Connelly, Bobby Lee Cook, Todd M. Johnson*, for appellee.