A11A0293. INFINITE ENERGY, INC. v. PARDUE et al.

(713 SE2d 456)

MIKELL, Judge.

Infinite Energy, Inc., a Florida-based natural gas marketer, filed a defamation action against attorney David L. Pardue, the law firm of Hartman, Simons, Spielman & Wood, LLP ("HSSW"), and Poston Communications, LLC, alleging that the defendants issued a press release that falsely accused Infinite Energy of having "deceived, cheated and misled" its customers. The trial court granted the defendants' motions to dismiss, concluding, inter alia, that the statements were not actionable. Infinite Energy appeals. Because the trial court failed to apply the proper guidelines in evaluating the defendants' motions to dismiss, and the complaint states a claim for defamation, we reverse.

1. Our Supreme Court has established the following guidelines applicable to motions to dismiss brought pursuant to OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief may be granted: "A motion to dismiss should only be granted if the allegations of the complaint, construed most favorably to the plaintiff, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts."[1] In other words, "[i]f, within the framework of the complaint, evidence may be introduced

---

[1] (Citation omitted.) *McGowan v. Progressive Preferred Ins. Co.*, 281 Ga. 169, 170 (637 SE2d 27) (2006).

which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied."[2]

A trial court's ruling on a motion to dismiss for failure to state a claim is subject to de novo review.[3] In assessing the motion, we may consider exhibits attached to and incorporated into the pleadings.[4] Here, the allegedly defamatory press release is attached to the complaint, and it states that on November 18, 2008, Pardue, then a member of HSSW, filed suit in federal court on behalf of three Korean-American dry cleaning business owners, alleging that Infinite Energy defrauded them "through exorbitant prices locked into three-year contracts signed following Hurricane Katrina." The suit sought class-action status on behalf of the Korean Cleaners Association of Atlanta ("KCAA"). The press release quotes Pardue as follows:

> Normally I defend class actions but I decided to help the dry-cleaning business community recover their losses in what is a clear case of wrongdoing. Infinite engaged in deliberate misinformation and scare tactics to lock the KCAA into high fixed rates when it was clear that the Katrina effect on gas prices was temporary. It is determined to reap illegal profits and to extract every penny possible from customers it has deceived, cheated and misled.

The press release was picked up by various publications, and, according to the complaint, Poston tried to have it published in the Gainesville Sun, the newspaper in Florida where Infinite Energy is headquartered, although it has no customers in Gainesville.

A cause of action for defamation consists of four elements: "(1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm."[5]

The second element is not at issue here. As to the first element, the trial court concluded that the defendants' statements could not reasonably be interpreted as stating or implying defamatory facts about Infinite Energy. The court ruled that the statements were

---

[2] (Footnote omitted.) *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997). Accord *Scouten v. Amerisave Mtg. Corp.*, 283 Ga. 72, 73 (1) (656 SE2d 820) (2008).

[3] *Mattox v. Yellow Freight Systems*, 243 Ga. App. 894 (534 SE2d 561) (2000).

[4] *Bakhtiarnejad v. Cox Enterprises*, 247 Ga. App. 205, 208 (1) (541 SE2d 33) (2000). Accord *Stendahl v. Cobb County*, 284 Ga. 525, 526 (1), n. 2 (668 SE2d 723) (2008). See OCGA § 9-11-10 (c).

[5] (Punctuation and footnote omitted.) *Mathis v. Cannon*, 276 Ga. 16, 20-21 (2) (573 SE2d 376) (2002).

mere expressions of opinion that cannot be proven false. Infinite Energy argues that the trial court erred in so ruling, and we agree.

Slander or oral defamation includes "[m]aking charges against another in reference to his trade, office, or profession, calculated to injure him therein."[6] "This type of defamation is actionable per se and damage is inferred."[7] The complaint herein alleges that the defendants falsely stated that Infinite Energy "engaged in deliberate misinformation" and "deceived, cheated and misled" its customers by charging them "artificially inflated rates after Hurricane Katrina." The complaint alleges that Infinite Energy has suffered damage to its character, reputation, and business, as a result of the statements. It is undisputed that the statements were published. These allegations stated a claim for slander per se.[8]

Contrary to the defendants' contention, these statements cannot be categorized as mere expressions of opinion that are incapable of being proved false.

> It is true that a defamation action will lie only for a statement of fact. This is because a statement that reflects an opinion or subjective assessment, as to which reasonable minds could differ, cannot be proved false. As a result, a plaintiff who claims that a published opinion defamed him will generally be unable to carry his burden of proving the essential element of falsity.[9]

As our Supreme Court has explained, however,

> [t]here is . . . no wholesale defamation exception for anything that might be labeled "opinion." An opinion can constitute actionable defamation if the opinion can reasonably be interpreted, according to the context of the entire

---

[6] OCGA § 51-5-4 (a) (3).

[7] (Citations omitted.) *Strange v. Henderson*, 223 Ga. App. 218, 219 (477 SE2d 330) (1996); *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 852 (3) (278 SE2d 689) (1981); *Sherwood v. Boshears*, 157 Ga. App. 542, 543 (278 SE2d 124) (1981).

[8] See *Smith v. Moeller*, 132 Ga. App. 184, 185-186 (4) (207 SE2d 669) (1974) (allegation that plaintiff falsely slandered defendant by representing to farmers and prospective customers that defendant was dishonest and his equipment defective and unreliable stated claim for slander per se); *Dickey v. Brannon*, 118 Ga. App. 33, 35 (5) (162 SE2d 827) (1968) ("[T]o charge falsely that one has acted deceitfully in conducting his business affairs is actionable per se.").

[9] (Footnote omitted.) *Gettner v. Fitzgerald*, 297 Ga. App. 258, 261 (1) (a) (677 SE2d 149) (2009) (report that plaintiff was demoted because of unsatisfactory job performance deemed capable of being proved false). Compare *Kirsch v. Jones*, 219 Ga. App. 50, 51 (1) (464 SE2d 4) (1995) (statement that lawyer "bungled" case not actionable); *Collins v. Cox Enterprises*, 215 Ga. App. 679, 680 (452 SE2d 226) (1994) (A statement that a candidate was trying to fool voters by changing his name "does not imply an assertion of objective fact that might be proved false.").

writing in which the opinion appears, to state or imply defamatory facts about the plaintiff that are capable of being proved false.[10]

To the extent that Infinite Energy bases its defamation claim on published statements that it deceived, cheated, and misled its customers by overcharging them, the claim is actionable. Given that market rates for natural gas are quantifiable, the defamatory statements are capable of being proved false. Of course, whether the statements are actually true or false is a question for the jury.[11] The trial court erred in concluding otherwise.

2. Having determined that the complaint sufficiently pled the first element of a defamation claim, we turn to the element of fault. This element necessitates a determination of whether Infinite Energy is a private figure, or, as the trial court found, a public figure. To recover on a defamation claim, a plaintiff who is a private person need only prove that the defendant acted with ordinary negligence, whereas a plaintiff who is a public figure must prove by clear and convincing evidence that the defendant acted with actual malice.[12]

Public figures are classified as either "general purpose," meaning for all purposes, or "limited purpose," meaning for a limited range of issues. As the United States Supreme Court has explained,

those who attain [public figure] status have assumed roles of special prominence in the affairs of society. Some occupy positions of such persuasive power and influence that they are deemed public figures for all purposes. More commonly, those classed as public figures have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved. In either event, they invite attention and comment.[13]

"Absent clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society,"[14] a plaintiff should not be deemed a public figure for all purposes. "It is preferable to reduce the public-figure question to a more meaningful context by looking to the nature and extent of an individual's

---

[10] (Punctuation and footnotes omitted.) *Gast v. Brittain*, 277 Ga. 340, 341 (589 SE2d 63) (2003). Accord *Gettner*, supra.

[11] See, e.g., *Smith v. Stewart*, 291 Ga. App. 86, 95 (1) (b) (660 SE2d 822) (2008).

[12] *Mathis*, supra at 22 (3); *Riddle v. Golden Isles Broadcasting*, 275 Ga. App. 701, 703 (1) (621 SE2d 822) (2005).

[13] *Gertz v. Robert Welch, Inc.*, 418 U. S. 323, 345 (III) (94 SC 2997, 41 LE2d 789) (1974).

[14] Id. at 352 (V).

participation in the particular controversy giving rise to the defamation."[15] "Whether a person is a public figure, general or limited, is a question of law for the court to resolve."[16]

In the case at bar, the trial court ruled that Infinite Energy is both a general purpose public figure and a limited purpose public figure. First, the court held that

> [Infinite Energy] is a general purpose public figure because it is a large, well-known natural gas marketer who is a household name beyond a local area or certain social circles. [Infinite Energy] served at least six hundred customers (as evidenced by the fact that there were more than six hundred customers involved in the class action law suit) and did substantial business in Fulton County, GA, despite being based in Gainesville, FL.

This reasoning is flawed. "A person is a general purpose public figure only if he is a 'celebrity,' his name a 'household word' whose ideas and actions the public in fact follows with great interest."[17] Construing the complaint's allegations most favorably to Infinite Energy, as we must when reviewing the grant of a motion to dismiss,[18] they do not show that Infinite Energy is a public figure for all purposes. Rather, the complaint and its attachments reflect that Infinite Energy is a "Florida-based energy giant" with at least 600 customers in Georgia who tried to maintain a class-action suit against the company for allegedly locking them into three-year contracts at inflated prices. These statements do not show that Infinite Energy is either a "household word" or that it holds a "position of such persuasive power and influence" that it should be deemed a public figure for all purposes.[19] The trial court erred in concluding otherwise.

We next address the trial court's conclusion that Infinite Energy is a limited purpose public figure. In so holding, the trial court found that Infinite Energy's "role as the primary actor in the class action suit indicates its direct involvement in a legitimate public controversy." At this stage of the proceedings, and considering the com-

---

[15] Id. Accord *Mathis*, supra at 22-23 (3).

[16] (Citation and punctuation omitted.) *Riddle*, supra. Accord *Gettner*, supra at 263 (1) (c).

[17] (Citations and punctuation omitted.) *Riddle*, supra at 704 (1) (a) (Evidence failed to show that a local rap artist "had achieved the degree of celebrity and influence typical of a general purpose public figure.") (citation omitted).

[18] *McGowan*, supra.

[19] Compare *Reliance Ins. Co. v. Barron's*, 442 FSupp. 1341, 1348 (1) (S.D. N.Y. 1977) (billion dollar, publicly held corporation, subject to federal and state regulation, held to be a public figure in its suit against a financial weekly arising out of an article impugning plaintiffs' motives in proposing a fifty million dollar stock sale).

plaint in its proper light, the court erred in reaching this conclusion.

A court must apply a three-part test in determining whether a plaintiff is a limited purpose public figure: "a court must isolate the public controversy, examine the plaintiff's involvement in the controversy, and determine whether the alleged defamation was germane to the plaintiff's participation in the controversy."[20] A public controversy is an issue that "generates discussion, debate, and dissent in the relevant community."[21] But it must be "more than merely newsworthy. . . . [I]f the issue was being debated publicly and if it had foreseeable and substantial ramifications for nonparticipants, it was a public controversy."[22] Arguably, if the dry cleaners' federal lawsuit had not failed, it could have had substantial ramifications for nonparticipant customers of Infinite Energy, making the issue a public controversy.

We next consider Infinite Energy's involvement in the controversy. To constitute a public figure for this limited purpose, there must be evidence of record that Infinite Energy thrust itself to the forefront of the controversy.[23] At this stage of the proceedings, there are no affidavits, depositions, or other evidence that might support such a conclusion.[24] That the Georgia Public Service Commission ("GPSC") "investigated the matter and advised certain KCAA members on how to switch from Infinite Energy," as reported in a press release, which we take as true on motion to dismiss, does not imply that Infinite Energy thrust itself into the forefront of any public controversy.[25] Here, Pardue and HSSW made the allegedly defamatory remarks, and "those charged with defamation cannot, by their own conduct, create their own defense by making the claimant a public figure."[26] The defendants argue that Infinite Energy is an

---

[20] (Punctuation and footnote omitted.) *Mathis*, supra at 23 (3).

[21] Id. at 24 (3).

[22] (Citation and punctuation omitted.) *Riddle*, supra at 705 (1) (b).

[23] See *Gertz*, supra; *Sewell v. Trib Publications*, 276 Ga. App. 250, 255 (1) (622 SE2d 919) (2005).

[24] Compare *Atlanta Humane Society v. Mills*, 274 Ga. App. 159, 163-164 (2) (b) (618 SE2d 18) (2005) (The record demonstrated that director of humane society was a limited-purpose public figure because he issued press releases and participated in television investigation.).

[25] Compare *Atlanta Journal-Constitution v. Jewell*, 251 Ga. App. 808, 818-819 (3) (b), 820 (4) (555 SE2d 175) (2001) (finding by clear and convincing evidence that Richard Jewell was at least an involuntary limited-purpose public figure in connection with the 1996 bombing of the Centennial Olympic Park because of his voluntary public appearances).

[26] *Hutchinson v. Proxmire*, 443 U. S. 111, 135 (V) (99 SC 2675, 61 LE2d 411) (1979); *Long v. Cooper*, 848 F2d 1202, 1204-1205 (I) (11th Cir. 1988) (Closely-held corporation "did not thrust itself into a public controversy" and was not a limited purpose public figure.); *Bruno & Stillman v. Globe Newspaper Co.*, 633 F2d 583, 591 (1st Cir. 1980) (same). But see *Steaks Unlimited v. Deaner*, 623 F2d 264, 273-274 (IV) (3d Cir. 1980) (Plaintiff was deemed a limited purpose public figure because it "launched an intensive [media] campaign" concerning its meat business, about which consumers had complained.).

involuntary public figure. It is true that "occasionally, someone is caught up in the controversy involuntarily and, against his will, assumes a prominent position in its outcome. Unless he rejects any role in the debate, he too has 'invited comment' relating to the issue at hand."[27] This determination cannot be made from reviewing the complaint and attachments thereto. Accordingly, the trial court erred in finding, on motion to dismiss, that Infinite Energy is a limited purpose public figure.[28]

3. Infinite Energy argues that the trial court erred in finding as a fact that the defendants' statements were not made with actual malice. We agree.

Infinite Energy was not required to *prove* malice in order to survive a motion to dismiss for failure to state a claim for which relief may be granted.[29] In accordance with rules of notice pleading, Infinite Energy was simply required to aver that the defendants acted with malice.[30] The complaint alleges that Pardue acted with malice when he stated that Infinite Energy "deceived, cheated and misled" its customers and that all three defendants acted with malice by attempting to publish the statements in the Gainesville Sun, given that none of the potential class members lived in Gainesville and Infinite Energy does not offer natural gas services there.

> When the sufficiency of the complaint is questioned by a motion to dismiss for failure to state a claim . . . , the rules require that it be construed in the light most favorable to the plaintiff with all doubts resolved in [its] favor even though unfavorable constructions are possible.[31]

Properly construed, the complaint and attachments thereto sufficiently state a claim for relief based on defamation.[32]

4. Poston argues that the trial court's ruling dismissing this action should be affirmed because the suit is barred by the applicable statute of limitation, OCGA § 9-3-33. We disagree.

Pursuant to OCGA § 9-3-33, "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues,

---

[27] (Punctuation and footnote omitted.) *Jewell*, supra at 820 (4).

[28] We need not address, at this juncture, the trial court's finding that the defendants' statements were germane to Infinite Energy's involvement in the controversy.

[29] See *Ledford v. Meyer*, 249 Ga. 407, 408-409 (2) (290 SE2d 908) (1982); accord *Saye v. Deloitte & Touche*, 295 Ga. App. 128, 132-133 (1) (a) (670 SE2d 818) (2008).

[30] See *Ledford*, supra (pleading conclusions in defamation complaint did not render complaint subject to dismissal for failure to state a claim upon which relief may be granted).

[31] (Citation and punctuation omitted.) *Hartsfield v. Union City Chrysler-Plymouth*, 218 Ga. App. 873, 874 (463 SE2d 713) (1995).

[32] See *Scouten*, supra at 73-74 (2); *Saye*, supra at 135 (1) (b).

except for injuries to the reputation, which shall be brought within one year after the right of action accrues." A suit for slander or defamation is one for injury to the reputation.[33] In this case, the original press release was issued on November 18, 2008, and the original complaint was filed on November 18, 2009. Poston argues that the action was filed one day late, citing *Jacobs v. Shaw*,[34] which held that "[a] claim for slander is untimely if brought on the anniversary date of the alleged publication or thereafter."[35] In *Jacobs*, we affirmed the summary judgment granted against a plaintiff in an action alleging slander per se, holding that it was time-barred under OCGA § 9-3-33 because it was filed at least one year after the alleged publication.[36]

*Jacobs* relied on *Holliday v. Lacy*,[37] a case which held that a personal injury action filed on the second anniversary of the underlying injury was barred by the statute of limitation because the date of injury was included in the time calculation.[38] In 1985, during the interval between the *Holliday* and *Jacobs* decisions, the legislature amended OCGA § 1-3-1 (d) (3) to provide, in relevant part, that "when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted[.]" We have long held that OCGA § 1-3-1 (d) (3), as amended in 1985, applies to personal injury actions governed by the two-year statute of limitation in OCGA § 9-3-33, so that a complaint is timely if filed on the second anniversary of the underlying incident.[39] It follows logically from these precedents that OCGA § 1-3-1 (d) (3) applies to the one-year statute of limitation

[33] See OCGA § 51-5-4 (a).

[34] 219 Ga. App. 425 (465 SE2d 460) (1995).

[35] (Citation omitted.) Id. at 427 (2).

[36] Id.

[37] 118 Ga. App. 341 (163 SE2d 750) (1968).

[38] Id. at 341 (1).

[39] See, e.g., *McNeil v. McCollum*, 276 Ga. App. 882, 886 (1) (625 SE2d 10) (2005) (where accident occurred on November 27, 2001, two-year statute of limitation expired on November 27, 2003); *Reese v. City of Atlanta*, 247 Ga. App. 701, 702 (545 SE2d 96) (2001) (claim for false arrest and false imprisonment held timely filed on second anniversary of plaintiff's arrest); *Davis v. DESA Intl.*, 209 Ga. App. 318, 319 (433 SE2d 410) (1993) (personal injury action filed on second anniversary of injury held timely filed); *Hollingsworth v. Hubbard*, 184 Ga. App. 121, 122 (361 SE2d 12) (1987) (recognizing that under amended version of OCGA § 1-3-1 (d), date of collision did not count for purposes of computing timeliness of complaint); See also *Knutsen v. Atlanta Women's Specialists &c.*, 264 Ga. App. 87, 90 (589 SE2d 588) (2003) (noting, in dicta, that OCGA § 1-3-1 (d) (3), in effect, extends the statute of limitation for personal injuries from two years to two years plus one day); *Gardner v. Hyster Co.*, 785 FSupp. 161, 163 (1992) ("Under clearly established Georgia law, therefore, amended OCGA § 1-3-1 (d) (3) governs OCGA § 9-3-33, thereby extending the statute of limitations for personal injury actions to two years and one day.").

for injuries to the reputation found in OCGA § 9-3-33, so that "the first day shall not be counted" in determining whether a claim is timely filed. Accordingly, we hold that the complaint in the case at bar was timely filed on the first anniversary of the date of publication. *Jacobs* and *McCandliss v. Cox Enterprises*[40] are overruled to the extent that they conflict with our ruling.

*Judgment reversed. Ellington, C. J., Smith, P. J., Barnes, P. J., Miller, P. J., Phipps, P. J., Andrews, Adams, Doyle, Blackwell, Dillard and McFadden, JJ., concur.*

DECIDED JUNE 30, 2011.

Morris, Manning & Martin, Marguerite E. Patrick, Donald A. Loft, for appellant.

Carlock, Copeland & Stair, Johannes S. Kingma, William D. Newcomb III, Taylor, English & Duma, Sean R. Smith, for appellees.

---

[40] 265 Ga. App. 377, 380 (2) (593 SE2d 856) (2004) (affirming dismissal of a libel claim filed on the anniversary date of the alleged publication).