A93A0782. THRASHER v. COX ENTERPRISES, INC. et al.
(434 SE2d 497)

McMURRAY, Presiding Judge.

Corlis Thrasher (plaintiff) filed a defamation action against Cox Enterprises, Inc., Hyde Post and Rebecca Perl (defendants), alleging defendants published a newspaper article entitled, " 'A Close Look at a Hidden Danger . . . Often Symptom-Less Chlamydia Threatens the Sexually Active," which falsely implies that plaintiff is scourged with the infectious disease chlamydia as a result of promiscuous conduct.[1] Defendants admitted publication of the above article, but denied liability and moved for summary judgment.

The trial court correctly found that the article implies that plaintiff contracted the sexually transmitted disease chlamydia. However, the trial court granted summary judgment to defendants based on the conclusion "that plaintiff cannot sustain her burden to prove the falsity of the statements." This appeal followed. *Held*:

"While the truth of the charge made may always be proved in justification, Code Ann. § 105-708 [now OCGA § 51-5-6], nevertheless, truthfulness is a question of fact for the jury. *Lester v. Trust Co. of Ga.*, 144 Ga. App. 526, 528 (241 SE2d 633) (1978)." *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 852 (3) (278 SE2d 689). In the case sub judice, two physicians who treated plaintiff for problems associated with infertility and conception testified that plaintiff was also treated for an unidentifiable bacterial infection. However, neither physician testified that the infection was chlamydia or that they informed defendant Perl, the author of the newspaper article, that plaintiff had been infected with chlamydia. Further, plaintiff testified that she did not inform defendant Perl that she had been infected with chlamydia and that defendant Perl duped her into an interview

---

[1] Plaintiff alleges that she is a private person and that the article was published with knowledge of its falsity or with reckless disregard for its truth. See OCGA § 51-5-2.

by informing her that the investigation was for a story on infertility and that plaintiff and her husband would be characterized as a wholesome couple, successful in their quest for a baby.[2] Plaintiff further testified that defendant Perl never informed her that the subject of the article would be sexually transmitted diseases and infertility associated with the infectious disease chlamydia. In fact, plaintiff testified that defendant Perl never revealed the title or substance of the article and that, upon plaintiff's inquiry before publication, defendant Perl read a benign portion of the article which led plaintiff to believe that defendant Perl's earlier representation regarding the subject of the article was true. These circumstances not only draw into question the truthfulness of the characterization of plaintiff as a promiscuous woman with the infectious disease chlamydia, they raise genuine issues of material fact as to defendants' reckless disregard for the truth in so portraying plaintiff. *Stalvey v. Atlanta Business Chronicle*, 202 Ga. App. 597, 600 (2) (414 SE2d 898). Consequently, the trial court erred in granting defendants' motion for summary judgment. "See *Barber v. Perdue*, 194 Ga. App. 287, 289 (390 SE2d 234), where it was held that genuine issues of material fact remained as to 'actual malice' where the defendant disregarded opportunities for having or obtaining, from objective sources, a knowledge of the true facts prior to publication." *Stalvey v. Atlanta Business Chronicle*, 202 Ga. App. 597, 600 (2), supra.

*Judgment reversed. Cooper, J., concurs. Beasley, P. J., concurs in the judgment only.*

DECIDED JUNE 29, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 — ▇▇▇▇▇▇▇

*Walbert & Hermann, Paul D. Hermann, William K. Day, William J. Cobb*, for appellant.
*Dow, Lohnes & Albertson, Peter C. Canfield*, for appellees.

---

[2] Although there is evidence that defendant Perl duped plaintiff into an interview by misrepresentation and that defendant Perl exceeded the scope of authority conferred by plaintiff, the trial court did not rule on any issue relating to fraudulent inducement or invasion of privacy, stating in an amendment to the order granting summary judgment that " 'defendants' motion for summary judgment is granted as to all issues raised in plaintiff's complaint for libel.' " This ruling is apparently based on the lack of allegation or claim in plaintiff's complaint relating to fraudulent inducement or invasion of privacy.