S93G1796. COX ENTERPRISES, INC. et al. v. THRASHER.
(442 SE2d 740)

HUNSTEIN, Justice.
Corlis Thrasher brought a defamation suit against Cox Enter-

prises and two of its employees, an editor and a writer, for the publication of a newspaper article which she alleged implied that she, a married woman, had contracted chlamydia, a sexually transmitted disease, and that such was due to her promiscuity. The trial court held that although the article could reasonably be read to imply Thrasher had suffered from chlamydia, she had failed to meet her burden of proving the falsity of the statements in the article and granted summary judgment to defendants. The Court of Appeals reversed, see *Thrasher v. Cox Enterprises*, 209 Ga. App. 716 (434 SE2d 497) (1993), and we granted certiorari to consider this case in light of *Philadelphia Newspapers v. Hepps*, 475 U. S. 767 (106 SC 1558, 89 LE2d 783) (1986). We find *Hepps* controls and reverse the Court of Appeals.

1. The U. S. Supreme Court in *Hepps*, supra, held that where a newspaper publishes speech of public concern, a private-figure plaintiff cannot recover damages without also showing that the statements at issue are false. Id. at 768-769. The *Hepps* court held it to be a "constitutional requirement that the plaintiff bear the burden of showing falsity, as well as fault, before recovering damages." Id. at 776.

> There will always be instances when the factfinding process will be unable to resolve conclusively whether the speech is true or false; it is in those cases that the burden of proof is dispositive. . . . [A]llocation of the burden of proof will determine liability for some speech that is true and some that is false, but *all* of such speech is *unknowably* true or false. . . . In a case presenting a configuration of speech [of public concern] and [private-figure] plaintiff . . ., and where the scales are in such an uncertain balance, we believe that the Constitution requires us to tip them in favor of protecting true speech.

Id. While the U. S. Supreme Court recognized that "requiring the plaintiff to show falsity will insulate from liability some speech that is false, but unprovably so," id. at 778, it concluded that the policy behind the First Amendment's protection of true speech on matters of public concern compelled its decision. Id. at 777.

2. Thrasher is a private-figure citizen; the newspaper article was of public concern.[1] The evidence in the instant case is uncontroverted

---

[1] We find no merit in Thrasher's argument that the publication in issue, discussing the dangers of a transmittable disease with few manifest symptoms that affects millions of people, did not involve speech of inherent public concern. The cases on which Thrasher relies are inapposite.

that Thrasher was infected with a bacteria that was treated with a drug used to cure chlamydia. As the trial court noted, because the bacteria was not identified before it was treated, whether Thrasher in fact had chlamydia is and will remain unknown. Because the factfinding process will be unable to resolve conclusively whether the speech at issue was true or false, the burden of proof is dispositive and the trial court properly granted summary judgment to defendants on Thrasher's claim that she was defamed by the publication intimating she had contracted chlamydia. *Hepps*, supra.

3. Because a plaintiff must show both falsity and fault before recovering damages, *Hepps*, supra at 776, Thrasher's inability to carry her burden on the issue of falsity renders it unnecessary for us to determine whether the defendants were at fault in the publication of the article.

4. As to the remaining basis for Thrasher's defamation claim, our review and construction of the publication at issue reveals that the trial court properly concluded that the publication was not defamatory because no reasonable reader could have inferred from it that Thrasher had engaged in promiscuous or adulterous sexual behavior. See *Ledger-Enquirer Co. v. Brown*, 214 Ga. 422, 424 (105 SE2d 229) (1958); *Fiske v. Stockton*, 171 Ga. App. 601 (1) (320 SE2d 590) (1984). See generally *Southern Business Machines v. Norwest Fin. Leasing*, 194 Ga. App. 253 (4) (390 SE2d 402) (1990).

*Judgment reversed. All the Justices concur.*

DECIDED MAY 9, 1994 —
RECONSIDERATION DENIED JUNE 3, 1994.

*Dow, Lohnes & Albertson, Peter C. Canfield,* for appellants.
*Walbert & Hermann, Paul D. Hermann, William J. Cobb,* for appellee.
*Troutman Sanders, John J. Dalton,* amicus curiae.