A97A1255. BLOMBERG et al. v. COX ENTERPRISES, INC. et al.
(491 SE2d 430)

Judge Harold R. Banke.

Ronald Blomberg and USA Career Marketing, Inc. ("USA Career") instituted a defamation suit against Cox Enterprises, Inc., Shelley Emling, a newspaper reporter, and Robert Mead, a disillusioned former client of USA Career. Blomberg and USA Career appeal the summary judgment awarded the defendants.

Blomberg, a former major league baseball player, is senior vice president and chief operating officer of USA Career, a career marketing company. It is undisputed that the Office of Consumer Affairs ("OCA") received numerous consumer complaints alleging that USA Career engaged in unfair or deceptive acts or practices. Based on consumer complaints, the Administrator of OCA notified USA Career that legal action was being contemplated. The Administrator alleged that USA Career violated OCGA § 10-1-393 (b) (3), (7), and (9) by falsely representing directly or indirectly that it had "contacts, leads and connections with employers and placement firms," and could set up interviews. The Administrator further alleged that USA Career failed to furnish fully completed contracts at the time of contract exe-

cution in violation of OCGA § 10-1-393 (b) (13) (A). To avert legal action, USA Career consented to the terms and conditions of an Assurance of Voluntary Compliance ("AVC") entered in Fulton Superior Court. Under the terms of the AVC, USA Career was obligated to desist from making certain specified representations to its clients, to provide restitution of approximately $39,000, and to pay a $1,000 fine to the State.[1]

In two newspaper articles, Emling quoted portions of the settlement agreement, and she also quoted two statements of Mead, a disgruntled consumer, who stated that Blomberg "is a silver-tongued devil." Prior to the instant action, Mead sued USA Career in magistrate court, eventually reaching an out-of-court settlement with USA Career. Blomberg and USA Career alleged that Mead's remarks and the statements appearing in the two articles were defamatory.

In granting summary judgment, the trial court determined that none of the remarks was subject to a defamatory interpretation, that Blomberg and USA Career were public figures, and that the plaintiffs failed to satisfy their burden of showing falsity. The trial court found that Blomberg and USA Career "have not submitted a single affidavit setting forth facts to establish the falsity of any of the five statements, nor [did] they deny in any cognizable evidentiary fashion the truth of the alleged defamatory statements." It further determined that the articles were protected by the fair reportage privilege and the neutral reportage privilege. Enumerating five errors, Blomberg and USA Career appeal. *Held*:

1. On appeal, Blomberg and USA Career challenge only four of the five statements, two statements quoting Mead and two statements reporting the settlement agreement with OCA. To avert summary judgment, Blomberg and USA Career had to offer some evidence of falsity, one of the essential elements of their defamation claim. *Cox Enterprises v. Thrasher*, 264 Ga. 235, 237 (3) (442 SE2d 740) (1994). This they failed to do.

Blomberg and USA Career failed to show the falsity of the statements about the settlement with the State. "As long as facts are not misstated, distorted or arranged so as to convey a false and defamatory meaning, there is no liability for a somewhat less than complete report of the truth. . . ." *Mathews v. Atlanta Newspapers*, 116 Ga. App. 337, 340 (4) (157 SE2d 300) (1967). Perfect accuracy in reporting quasi-judicial proceedings is not required. Moreover, fair and accurate reporting is conditionally privileged. OCGA § 51-5-7 (4).

---

[1] According to an addendum to the restitution list, USA Career was required to make cash payments to an additional 58 individuals. Several years earlier, USA Career had entered into another AVC with the OCA.

Where a publication is substantially accurate, " ' "and if the article is published by the newspaper in good faith and the same is substantially accurate, the newspaper has a complete defense." [Cit.]' [Cit.]" *Morton v. Stewart*, 153 Ga. App. 636, 641 (2) (b) (266 SE2d 230) (1980).

The disputed headline announced, "Career marketing firm to refund clients' money. Customers: Company never delivered." Emling wrote, "According to the agreement, the company failed to furnish a completed contract to consumers at the time of execution and claimed to have contacts or leads with employers and placement firms when it did not." Blomberg and USA Career contend that the headline and statement are defamatory because they insinuate that USA Career agreed that it had engaged in misconduct when under the terms of the AVC, USA Career did not admit that it had violated the law.

However, when the article is viewed as a whole, it is substantially accurate. Emling reported that after the OCA sent a notice of contemplated legal action, OCA and USA Career engaged in negotiations for several months. The next two paragraphs reveal that despite the settlement, USA Career's president denied any wrongdoing. The company's attorney explained, "My clients have not admitted fault but have made a business decision in the interest of showing their good character and good standing within the business community." Taken as a whole, the article clarifies that the settlement agreement was a compromise and that USA Career continued to maintain its innocence. Thus, the publication as a whole was substantially accurate. *Morton*, 153 Ga. App. at 641 (2) (b).

Nor did Blomberg and USA Career show the falsity of either of the two quotations from Mead. The article stated, "Firm strikes out with some job seekers; former ballplayer's consulting business facing complaints." Then quoting Mead: "[t]hey had said it was likely that I'd have a job in six months making ten percent more than I am now." The first statement cannot be disputed in light of the uncontroverted evidence that several disgruntled clients initiated lawsuits against USA Career and several dozen others filed complaints with OCA. As to the quotation from Mead, to suggest that a career service company intended to achieve its goal of finding its client a better paying job within a reasonable amount of time cannot be construed as false, malicious and tending to injure USA Career's reputation. OCGA § 51-5-1 (a). Nor would the statement expose USA Career to public hatred, contempt, or ridicule. See id.

Mead's other remark, that he deemed Blomberg to be a "silver-tongued devil," is an assertion that cannot be proved false. See *Bergen v. Martindale-Hubbell, Inc.*, 176 Ga. App. 745, 747 (3) (337 SE2d 770) (1985) (where an assertion cannot be proved false, it cannot be

held libelous). As a statement of wholly subjective opinion not capable of proof, it cannot support an action for defamation against Mead or Cox Enterprises for publishing it. *Webster v. Wilkins*, 217 Ga. App. 194, 196 (1) (456 SE2d 699) (1995).

Notwithstanding Blomberg and USA Career's contention to the contrary, summary judgment relief is especially appropriate in defamation actions implicating the First Amendment, where the evidence shows that a complainant offered no evidence as to an essential element of his case. *Williams v. Trust Co.*, 140 Ga. App. 49, 58 (230 SE2d 45) (1976). See *Stange v. Cox Enterprises*, 211 Ga. App. 731, 732 (1) (440 SE2d 503) (1994).

2. We decline to grant Mead's motion for sanctions. Although we are not able to discern any reasonable ground upon which appellants might have anticipated the reversal of the trial court's judgment, we cannot say that their appeal was totally frivolous. Compare *Griswell v. Columbus Finance Co.*, 220 Ga. App. 803, 804 (2) (470 SE2d 256) (1996); *Suchnick v. Southern Gen. Ins. Co.*, 196 Ga. App. 687, 688 (396 SE2d 609) (1990); see Court of Appeals Rule 15 (b).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED AUGUST 18, 1997.

*Michael R. Hauptman, George E. Tanner*, for appellants.
*Dow, Lohnes & Albertson, Sean R. Smith, Peter C. Canfield, Jill M. Wood*, for appellees.