## A01A1856. SWINDALL v. COX ENTERPRISES, INC.

### (558 SE2d 788)

MILLER, Judge.

Patrick Swindall sued Cox Enterprises, Inc. for libel for statements made in an editorial published in Cox's newspaper, the Atlanta Constitution. The trial court granted Cox's motion for summary judgment on the ground that the statements were substantially true. We agree and affirm.

To prevail at summary judgment, the moving party must show that there is no genuine issue of material fact and that the undisputed facts, viewed most favorably to the nonmoving party, warrant judgment as a matter of law.[1] A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the moving party may discharge its burden by pointing out by reference to affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case.[2]

In 1989 a federal grand jury indicted Swindall for perjury. As summarized later by the Eleventh Circuit Court of Appeals, the ten-count indictment charged that "Swindall had discussed money-laundering transactions with an undercover agent and an intermediary, and then falsely testified to a grand jury to conceal the extent of his involvement in these discussions. Swindall was not charged with any substantive money-laundering offenses."[3] The United States District Court for the Northern District of Georgia convicted Swindall of nine counts of perjury, of which the Eleventh Circuit reversed three and affirmed six.[4]

In 1999 the Atlanta Constitution published an editorial entitled "Barr's claims outrageous, invalid," which quoted statements made by U. S. Representative Bob Barr during former President Clinton's impeachment trial. Barr was asked if prosecutors would have sought an indictment of an individual who engaged in the perjury of which the President was accused. Barr responded that he had prosecuted such cases "including a case that probably cost me a primary election in the Republican Party for prosecuting a member of Congress for precisely the activity which brings us here today; that is perjury, misleading a grand jury." The editorial then commented on Barr's statements:

> Barr compares the charges against Pat Swindall, the then-member of Congress he prosecuted and convicted for per-

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); see OCGA § 9-11-56 (c).

[2] *Lau's Corp.*, supra, 261 Ga. at 491; *Jaillett v. Ga. Television Co.*, 238 Ga. App. 885, 886 (520 SE2d 721) (1999).

[3] *United States v. Swindall*, 971 F2d 1531, 1534 (11th Cir. 1992).

[4] Id. at 1557.

> jury, to the accusations against Clinton. Swindall was charged with lying about his involvement in a drug-money laundering scheme. The president is accused of lying in a civil deposition about consensual sexual conduct. Former Sen. Dale Bumpers . . . said House Republicans have lost all sense of proportionality in their pursuit of the president. . . . By equating lying about sex with lying about drug-money laundering, Barr proves Bumpers' point.

The editorial made a total of three references to Swindall's situation: (1) "Swindall was charged with lying about his involvement in a drug-money laundering scheme"; (2) Swindall's "lying about drug-money laundering"; and (3) Swindall was "a man who lied about drug-money laundering." Swindall alleges that these statements libeled him.

"A libel is a false and malicious defamation of another, expressed in print [or] writing . . . , tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule."[5] To be actionable the statement must be both false and malicious, and the plaintiff has the burden of proving the statement's falsity.[6] In determining whether a statement is false,

> defamation law overlooks minor inaccuracies and concentrates upon substantial truth. A statement is not considered false unless it would have a different effect on the mind of the viewer from that which the pleaded truth would have produced. Minor factual errors which do not go to the substance, the gist, the sting of a story do not render a communication false for defamation purposes.[7]

Arguing that the federal conviction established the truth of its editorial statements, Cox successfully moved for summary judgment. Swindall concedes that the first statement — that the government *charged* him with lying about his involvement in a drug money-laundering scheme — was true. He claims that the other two statements — that he indeed lied about drug money laundering — were false. He contends that there was no evidence that he committed the crime of money laundering and that the statements directly contradicted findings made by the trial judge during Swindall's post-trial sentencing hearing.

Swindall's arguments are misplaced. The statements at issue do

---

[5] OCGA § 51-5-1 (a).
[6] *Jaillett*, supra, 238 Ga. App. at 888.
[7] (Citations and punctuation omitted.) Id.

not assert that Swindall laundered drug money; they assert that he *lied* about drug money laundering. His perjury convictions on nine counts of doing just that give substantial truth to the editorial's statements.

Swindall misguidedly focuses on remarks made by the federal judge *during the sentencing portion* of his trial, in which the judge focused on the "sting" nature of the underlying drug money-laundering transaction. As the police operation was designed only to give the *appearance* of a drug money-laundering transaction, no actual drug money was involved, and thus no drug money-laundering crime in fact took place. When the government nevertheless tried to have the federal court enhance Swindall's sentence on the ground that he was involved in an *actual* drug money-laundering crime, the court responded:

> The government claims, but has completely failed to prove, that Mr. Swindall's testimony before the grand jury was in respect to the crime of money laundering. There is no evidence that the crime of money laundering was committed in connection with the negotiations among Mr. Swindall, Mr. LeChasney and [the undercover agent]. In fact, it's doubtful that such a crime could have been committed because the funds supplied appear to have been government funds provided through the undercover agent.

As there was no actual drug money-laundering crime, the court accordingly did not enhance the sentence.

Swindall's attempt to use the court's remarks to establish his libel case is ineffectual. The federal jury did find that he lied about his discussions concerning his possible use of what he understood to be drug money, even though in truth the money did not come from drugs but from the government. Thus, based on Swindall's state of mind at the time he testified to the grand jury, it is substantially true that he lied about drug money laundering. The crux is that the actual crime of money laundering does not have to be committed for an individual to engage in discussions about money laundering or to lie about one's involvement in a money-laundering scheme. Any minor inaccuracies in the editorial's description of Swindall's conviction are of no consequence.[8]

Since Swindall cannot meet his burden of proving the falsity of the editorial, the court did not err in granting summary judgment to Cox. This moots the question of malice.[9]

---

[8] Id.

[9] See *Cox Enterprises v. Thrasher*, 264 Ga. 235, 237 (3) (442 SE2d 740) (1994).

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 11, 2002.

Patrick L. Swindall, *pro se.*
*Dow, Lohnes & Albertson, Thomas M. Clyde, Peter C. Canfield, Robert C. McBurney,* for appellee.