### A02A2241. BRITTAIN v. GAST.
(575 SE2d 899)

ANDREWS, Presiding Judge.

Doyle T. Brittain, Sr. appeals from the trial court's summary judgment order dismissing his libel action against Andrew J. Gast on the basis that the writing at issue was an expression of opinion by Gast which cannot be held libelous. Because we find the writing could be reasonably construed as defamatory and more than simply an expression of opinion, we reverse the grant of summary judgment.

"A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." OCGA § 51-5-1 (a). A writer, however, cannot be sued for simply expressing his opinion of another person no matter how unreasonable the opinion or vituperous its expression. *Bergen v. Martindale-Hubbell, Inc.*, 176 Ga. App. 745, 747 (337 SE2d 770) (1985). An opinion, being wholly subjective and not capable of proof or disproof, cannot be proved false and therefore cannot be held libelous. Id. But not all expressions that may appear at first blush to be pure opinion, or may be labeled as such, qualify as wholly subjective opinion exempt from libel claims. A written expression of opinion that, in the context of the entire writing in which it appears, can be reasonably construed to state or imply objective defamatory facts capable of being proved false is not exempt from a libel claim. *Webster v. Wilkins*, 217 Ga. App. 194, 195 (456 SE2d 699) (1995). In considering whether an expression of opinion is wholly subjective and not capable of proof or disproof, or whether it states or implies objec-

---

[18] See *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

tive defamatory facts capable of being proved false, we look to the construction that would be placed upon the writing as a whole by an average reader. Id.

We apply these principles to the writing at issue, a letter published by Gast giving the reasons why he decided to withdraw from further participation with a Boy Scout troop. Gast's letter states that one reason is because of "activities within [the troop] that I deem immoral and illegal." Gast specifies that these activities were the distribution of cigarettes, alcohol, and pornography to scouts by a named leader of the troop (other than Brittain), and sexual harassment of scouts by an unnamed leader. Gast wrote that he is leaving the troop because he refuses to be in the same troop with certain named individuals, including Brittain, and that "[b]ased on my experiences, I deem those individuals to be immoral and I do not believe that they live their lives by the ideals of Scouting." Gast further wrote that he spoke to a Scout executive about these issues and that during a meeting when he presented this to parents and leaders "the general consensus (mainly by [a named leader] and Brittain) was that nothing really wrong had occurred." Finally, Gast pointed out in the letter that Brittain took this position even though Scouting does not allow tobacco use at its activities, prohibits the use of alcoholic beverages, and has "zero tolerance for child abuse or victimization of any form."

In granting summary judgment to Gast, the trial court concluded that the letter's direct reference to Brittain as "immoral" was purely an expression of subjective opinion which could not be held libelous. The trial court did not address this reference in the context of the whole letter. We conclude that, when the letter is read as a whole, an average reader could reasonably construe it to state or imply that Brittain was immoral because he found "nothing really wrong had occurred" when tobacco, alcohol, and pornography were distributed to scouts by a leader and scouts were sexually harassed or abused by a leader. Under this construction, the letter could be found libelous as tending to injure Brittain's reputation and expose him to public hatred, contempt, and ridicule.

On the other hand, the letter's statement that Brittain found "nothing really wrong had occurred" might also be reasonably construed to mean that Brittain concluded that none of the wrongful acts alleged by Gast in the letter had actually occurred. Under this construction, there would be no statement or implication of objective defamatory facts upon which Brittain could base a libel claim. Without any link to other objective defamatory facts in the letter, the statement that Gast deemed Brittain "immoral" would be a subjective opinion which could not be found libelous. "[W]here words are capable of two meanings, one of which would be libelous and actiona-

ble and the other not, it is for the jury to say, under all the circumstances surrounding its publication, which of the two meanings will be attributed to it by [the average reader]." *Reece v. Grissom*, 154 Ga. App. 194, 195 (1) (267 SE2d 839) (1980).

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 9, 2003 —

*David W. Griffeth,* for appellant.

*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Daniel S. Wright, Stanley R. Durden,* for appellee.