## S03G0716. GAST v. BRITTAIN.
### (589 SE2d 63)

FLETCHER, Chief Justice.

We granted certiorari in this case to determine whether the Court of Appeals correctly held that a letter written by the defendant, Andrew Gast, could reasonably be interpreted to state or imply defamatory facts about the plaintiff, Doyle Brittain, Sr. The Court of Appeals reversed the trial court's grant of summary judgment to Gast and held that his letter could imply objective defamatory facts that are capable of being proved false.[1] Because the letter does not constitute actionable libel, however, we reverse.

Before sending the letter that became the basis of this suit, Gast was an Eagle Scout youth leader in the Boy Scout Troop run by Brittain and other adult leaders. During the course of that relationship, Gast became disillusioned with the Troop's leadership. Gast submitted his resignation from the Troop by letter, which he sent to certain people involved in the Troop and the parents of the boy scouts. In the letter, Gast described the reasons for his resignation. In the only portions of the letter possibly relevant to Brittain, Gast claimed that Brittain was "immoral" and did not live his life according to the "ideals of Scouting." Gast also asserted that Brittain had disputed whether anything wrong had occurred after Gast presented his grievances at a meeting of the Troop leadership.

Shortly after circulation of the letter, Brittain brought this action for libel. Gast, in his motion for summary judgment, argued that the only references in the letter to Brittain were expressions of non-actionable opinion. The trial court granted Gast's motion for summary judgment, concluding that Gast's opinions about Brittain did not constitute actionable libel. The Court of Appeals reversed, concluding that a question of fact existed as to whether Gast's opinions implied defamatory facts about Brittain that were capable of being proved false. This Court granted certiorari.

---

[1] *Brittain v. Gast*, 259 Ga. App. 124 (575 SE2d 899) (2003).

In *Bergen v. Martindale-Hubbell*, the Court of Appeals correctly noted that

> the expression of opinion on "matters with respect to which reasonable men might entertain differing opinions" (cit.) is not libelous. . . . "An assertion that cannot be proved false cannot be held libelous. A writer cannot be sued for simply expressing his opinion of another person, however unreasonable the opinion or vituperous the expressing of it may be. [Cits.]"[2]

Gast's assertions regarding "immorality" and the "ideals of Scouting" are plainly the sorts of opinions that are incapable of being proved false.[3] For such matters, "we depend for [their] correction not on the conscience of judges and juries but on the competition of other ideas."[4]

There is, however, no "wholesale defamation exception for anything that might be labeled 'opinion.' "[5] An opinion can constitute actionable defamation if the opinion can reasonably be interpreted, according to the context of the entire writing in which the opinion appears, to state or imply defamatory facts about the plaintiff that are capable of being proved false.[6]

The next question, therefore, is whether Gast's opinions could reasonably be interpreted to state or imply any defamatory facts about Brittain that are capable of being proved false. Accusations of child abuse and other improper conduct against a particular leader of the Troop form the essential basis of Gast's letter. Gast's letter clearly assigns responsibility for this conduct to a person other than Brittain, however. Where there is a clear delineation between allegations of improper conduct and allegations directed at the plaintiff, the allegations of improper conduct will not create a libel action for

---

[2] 176 Ga. App. 745, 747 (337 SE2d 770) (1985).

[3] See, e.g., *Webster v. Wilkins*, 217 Ga. App. 194, 195 (456 SE2d 699) (1995) (statement that plaintiff was "unfit to have a kid" not defamatory because it is incapable of being proved false); *Collins v. Cox Enterprises*, 215 Ga. App. 679, 680 (452 SE2d 226) (1994) (statement that candidate was trying to fool voters by changing his name "does not imply an assertion of objective fact that might be proved false"); *Blomberg v. Cox Enterprises*, 228 Ga. App. 178, 180 (491 SE2d 430) (1997) (statement that plaintiff was a "silver-tongued devil" not defamatory because incapable of being objectively proved false).

[4] *Gertz v. Robert Welch, Inc.*, 418 U. S. 323, 339-340 (94 SC 2997, 41 LE2d 789) (1974).

[5] *Milkovich v. Lorain Journal Co.*, 497 U. S. 1, 18 (110 SC 2695, 111 LE2d 1) (1990).

[6] *Eidson v. Berry*, 202 Ga. App. 587, 588 (415 SE2d 16) (1992); see also *Pacific & Southern Co. v. Montgomery*, 233 Ga. 175, 186 (210 SE2d 714) (1974) (Undercofler, J., dissenting) ("those who dislike the opinions so expressed can not be granted the right to complain that they have been defamed, unless the statement of opinion is so intertwined with false statements of fact that the false total stated constitutes defamation").

the plaintiff.[7] In this case, Gast's letter refers to specific criminal conduct, but clearly separates those allegations, aimed at a named and unrelated Troop leader, from the allegations against Brittain.

Brittain argues that Gast's letter implies that Brittain condoned child abuse and other actions detrimental to the children of the Troop. We find, however, that the unambiguous letter cannot reasonably be interpreted to imply or suggest that Brittain either engaged in or condoned the criminal conduct alleged in the letter. There are simply no reasonable grounds to interpret Gast's letter as accusing Brittain of any conduct other than disbelieving the accusations leveled by Gast. We agree with the trial court and accordingly reverse the Court of Appeals.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.

*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Daniel S. Wright, Stanley R. Durden*, for appellant.
*David W. Griffeth*, for appellee.

---

[7] *Cox Enterprises v. Nix*, 274 Ga. 801, 803 (560 SE2d 650) (2002).