A08A1761. McCALL v. COUTURE.
(666 SE2d 637)

BLACKBURN, Presiding Judge.

In this defamation action, plaintiff Tom Earl McCall appeals the grant of summary judgment to defendant David Couture, arguing that the trial court erred in finding (i) that Couture's allegedly defamatory written statements were true, (ii) that the statements constituted opinion, and (iii) that the statements were privileged. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[1] "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." *McCaskill v. Carillo.*[2]

So construed, the evidence shows that McCall and Couture own separate properties in a vacation resort community near Dahlonega, Georgia, known as R-Ranch in the Mountains ("R-Ranch"). In addition to owning property, McCall was also a Board member of the

[7] *Southwest Plaster & Drywall Co. v. R. S. Armstrong & Bros. Co.*, 166 Ga. App. 373, 374 (304 SE2d 500) (1983).
[1] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843 (575 SE2d 732) (2002).
[2] *McCaskill v. Carillo*, 263 Ga. App. 890 (589 SE2d 582) (2003).

R-Ranch Owners' Association, and in 2005, he became the Board's treasurer. In January 2007, Couture received an e-mail from an anonymous R-Ranch owner, which alleged that some unnamed Board members had misappropriated Owners' Association funds. Out of concern for his property investment, Couture began searching public court records to investigate the backgrounds of each of the R-Ranch Board members. During the course of this investigation, Couture learned that numerous civil judgments and tax liens totaling approximately $225,000 had been rendered against McCall and several of his businesses. Additionally, Couture learned that McCall had previously been charged with driving under the influence of alcohol and with committing the offense of deposit account fraud.

Based on what he had learned from searching the public records, Couture drafted a letter to the R-Ranch Board, in which he outlined his concerns and in which he informed the Board of the various civil judgments, tax liens, and criminal charges against McCall and his businesses. Concluding his letter, Couture wrote:

> With this said, we need to immediately relieve [McCall] from Treasurer until our Attorney Madeline can look this over to give her opinion. If he cannot manage his finances, then he has no business managing ours! We do not need a weak link with the ongoing Crosswinds situation. I am not insinuating that Earl has been mismanaging our funds, however it is my feeling that we do not need someone that has had such difficulty in his personal life in the position of treasurer.

At the next R-Ranch Board meeting in March 2007, Couture provided the members of the Board with copies of his letter as well as copies of some of the public records pertaining to McCall's background. Coincidentally, McCall did not attend this meeting. However, he learned of the letter's contents from other attendees on the same day that it was provided to the Board members. Almost immediately, McCall began receiving requests from the Board and other owners that he resign as treasurer, and later, the Board's president removed McCall from that position.

Shortly thereafter, McCall sent a letter to Couture, demanding that Couture retract the statements made in his letter to the R-Ranch Owners' Association Board because the statements were false and defamatory. In the same letter, McCall also threatened to file a defamation action against Couture if he did not issue a retraction. When Couture refused to retract the statements made in his letter, McCall filed this action, alleging defamation and intentional infliction of emotional distress. Couture moved for summary

judgment as to all of McCall's claims. The trial court granted Couture's motion, ruling that the statements in Couture's letter were true, constituted his opinion, and were privileged. This appeal followed.

1. McCall contends that the trial court erred in granting summary judgment on the ground that the statements in Couture's letter to the Board concerning the judgments, tax liens, and criminal charges against him and his businesses were true. We agree with the trial court.

"A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." OCGA § 51-5-1 (a). "The publication of the libelous matter is essential to recovery." OCGA § 51-5-1 (b).[3] "A cause of action for libel or slander will fail if the statement is shown to be truthful." *Nelson v. Glynn-Brunswick Hosp. Auth.*[4] See OCGA § 51-5-6. "Although as a general rule the question whether a particular communication is defamatory is for the jury, if the statement is not ambiguous and reasonably can have only one interpretation, the question of defamation is one of law for the court." *Speedway Grading Corp. v. Gardner.*[5]

Here, the statements in Couture's letter to the Board concerning the judgments, tax liens, and criminal charges against McCall and his various businesses were based upon the public court records that Couture found during his investigation of the Board. Furthermore, McCall testified in his deposition that the letter's statements concerning his legal and financial difficulties were accurate. "A plaintiff cannot recover for alleged defamation where he admits the truth of the communications attributed to the defendant." (Punctuation omitted.) *Kersey v. United States Shoe Corp.*[6] Accordingly, the trial court properly granted summary judgment on the ground that the statements in Couture's letter concerning McCall's legal and financial difficulties were true. See id. at 658; *Speedway Grading Corp.*, supra, 206 Ga. App. at 441 (1).

2. McCall also contends that the trial court erred in granting summary judgment on the ground that the statements in Couture's

---

[3] Although McCall's complaint mentions both written and oral defamation, his appeal only addresses the statements contained in Couture's letter to the R-Ranch Owners' Association Board. Accordingly, whether that letter constitutes libel is the sole focus of our opinion.

[4] *Nelson v. Glynn-Brunswick Hosp. Auth.*, 257 Ga. App. 571, 573 (1) (571 SE2d 557) (2002).

[5] *Speedway Grading Corp. v. Gardner*, 206 Ga. App. 439, 441 (425 SE2d 676) (1992).

[6] *Kersey v. United States Shoe Corp.*, 211 Ga. App. 655, 657 (440 SE2d 250) (1994).

letter to the Board regarding McCall's ability to serve as treasurer constituted opinion. Once again, we agree with the trial court.

"The expression of opinion on matters with respect to which reasonable men might entertain differing opinions is not libelous." (Punctuation omitted.) *Webster v. Wilkins*.[7] "An assertion that cannot be proved false cannot be held libelous. A writer cannot be sued for simply expressing his opinion of another person, however unreasonable the opinion or vituperous the expressing of it may be." (Punctuation omitted.) *Gast v. Brittain*.[8] "However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas." (Punctuation omitted.) *Webster*, supra, 217 Ga. App. at 195-196 (1). "An opinion can constitute actionable defamation if the opinion can reasonably be interpreted, according to the context of the entire writing in which the opinion appears, to state or imply defamatory facts about the plaintiff that are capable of being proved false." *Gast*, supra, 277 Ga. at 341.

In this matter, McCall argues that the statements in Couture's letter to the Board, declaring that McCall was a "weak link" and that he should not be allowed to retain the responsibility of managing the Board's finances as treasurer in light of his inability to manage his own finances, constituted defamation. However, such statements are wholly subjective opinion not capable of proof and thus cannot support an action for defamation against Couture. See *Gast*, supra, 277 Ga. at 341-342; *Blomberg v. Cox Enterprises*;[9] *Webster*, supra, 217 Ga. App. at 196 (1). Furthermore, given that Couture's letter specifically states that he is not insinuating that McCall has mismanaged the Board's funds, his opinions cannot reasonably be interpreted to state or imply any defamatory facts about McCall that are capable of being proved false. See *Gast*, supra, 277 Ga. at 342. Accordingly, the trial court properly granted summary judgment on the ground that the statements in Couture's letter to the Board regarding McCall's ability to serve as treasurer constituted opinion and thus could not support a defamation action.

3. In light of our holdings in Divisions 1 and 2, we conclude that the trial court did not err in granting summary judgment to Couture as to all of McCall's claims. Accordingly, we need not address McCall's contention that the trial court erred in finding that the statements in Couture's letter were privileged.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[7] *Webster v. Wilkins*, 217 Ga. App. 194, 195 (1) (456 SE2d 699) (1995).

[8] *Gast v. Brittain*, 277 Ga. 340, 341 (589 SE2d 63) (2003).

[9] *Blomberg v. Cox Enterprises*, 228 Ga. App. 178, 181 (1) (491 SE2d 430) (1997).

DECIDED AUGUST 14, 2008.

Earl McCall, *pro se.*

*Gray, Rust, St. Amand, Moffett & Brieske, Michael J. Rust, Korey M. Carter,* for appellee.