A09A1274. CHATHAM COUNTY BOARD OF TAX ASSESSORS
v. BOCK.
(682 SE2d 355)

BLACKBURN, Presiding Judge.

In this declaratory judgment action, Stephanie Bock sued the Chatham County Board of Tax Assessors ("BOA"), claiming that the BOA wrongfully refused to apply a county-specific homestead exemption[1] to her property based on the fact that the property had earlier been assessed under the Rehabilitated Historic Property Preferential Assessment Act[2] ("RHPPA"). Following the trial court's grant of Bock's motion for summary judgment and its denial of the BOA's motion for summary judgment, the BOA appeals, arguing that Bock cannot benefit from both the preferential assessment and the homestead exemption because the two statutory schemes are mutually exclusive. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Britt v. Kelly & Picerne, Inc.*[3] "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." (Punctuation omitted.) *McCall v. Couture.*[4]

The facts in this matter have been stipulated to by the parties. In 1997, Bock purchased property located at 210 W. Park Avenue in Savannah, Georgia (the "property"). The property, which was built in 1900, qualified for listing on the Georgia Register of Historic

[1] Ga. L. 1999, p. 4211.
[2] OCGA § 48-5-7.2.
[3] *Britt v. Kelly & Picerne, Inc.*, 258 Ga. App. 843, 843 (575 SE2d 732) (2002).
[4] *McCall v. Couture*, 293 Ga. App. 305, 305 (666 SE2d 637) (2008).

Places. Under OCGA § 48-5-2 (3) (C) (i) (the RHPPA), the fair market value of property that has been classified as "rehabilitated historic property," pursuant to OCGA § 48-5-7.2 (a), is fixed for ad valorem tax purposes for eight years at the greater of its acquisition cost or the appraised fair market value. The preferential assessment under the RHPPA begins to phase out in the ninth year, at which time the fair market value may be increased by one-half of the difference between the initial value as a rehabilitated historic property and the current fair market value. See OCGA § 48-5-2 (3) (C) (ii). In the tenth year, the rehabilitated historic property loses the preferential assessment and is assessed at its current fair market value. See OCGA § 48-5-2 (3) (C) (iii).

In 1998, Bock's property qualified to become a rehabilitated historic property, and in 2000, it was certified as such a property by the Georgia Department of Natural Resources. That same year, the BOA approved the property for assessment under the RHPPA, which froze the value of the property for ad valorem tax purposes at $47,000 until January 1, 2007. In 2000, the property's fair market value was $118,500. In late 2006, the Chatham County Board of Equalization determined that the fair market value of Bock's property for that tax year was $213,000. Thus, for the 2007 tax year, which was the property's ninth year under the RHPPA, the taxable value of the property was $130,000. On May 11, 2007, the BOA notified Bock, via letter, that her property's assessment under the RHPPA expired on January 1, 2007. For the 2008 tax year, which was the property's tenth year under the RHPPA, the fair market value of the property for ad valorem tax purposes was $213,000.

The Stephens-Day homestead exemption is a tax exemption that is specifically granted to residents of Chatham County. The act exempts Chatham County residents from all county ad valorem taxes "in an amount equal to the amount of the assessed value of that homestead that exceeds the assessed value of the homestead for the taxable year immediately preceding the taxable year in which this exemption is first granted to such resident." Ga. L. 1999, p. 4212, § 1 (b). The act provides that the "exemption shall not apply to taxes assessed on improvements to the homestead. . . ." Id. The act also provides that the "homestead exemption . . . shall be in addition to and not in lieu of any other homestead exemption applicable to county ad valorem taxes for county purposes." Id. at pp. 4212-4213, § 1 (f). In 2001, the act was amended to state: "Any person who, as of December 31, 2000, has applied for and is eligible to receive the $2,000 state-wide homestead exemption granted under Code Section 48-5-44 of the OCGA, as amended, shall be eligible automatically for the exemption granted by this Act without applying therefor." Ga. L. 2001, p. 4431, § 1 (c).

The Stephens-Day homestead exemption became effective on January 1, 2001. See Ga. L. 1999, p. 4213, § 1 (g). In a policy statement issued on May 2, 2001, the BOA took the position that the Stephens-Day exemption would not be applied to rehabilitated historic properties receiving a preferential assessment under the RHPPA. Based on this position, the BOA refused to set the fair market value for Bock's property for Stephens-Day exemption purposes until the preferential assessment under the RHPPA had expired in 2007, and thus assessed the property's fair market value at $213,000. Given that in 2001, Bock's property had a regular homestead exemption, had the BOA set the fair market value as of the effective date of the Stephens-Day exemption, that value would have been $118,500.

Bock filed a declaratory judgment action, in which she claimed that the BOA had exceeded its authority in taking the position that the Stephens-Day exemption did not apply to property that had been assessed pursuant to the RHPPA. In addition, Bock sought to have the Stephens-Day exemption applied to her property based on the property's fair market value at the time the act became effective in 2001, regardless of the fact that the property was also being assessed under the RHPPA. After both parties filed motions for summary judgment, the trial court, in a thorough and well-written order, granted summary judgment in favor of Bock. This appeal followed.

In its sole enumeration of error, the BOA contends that it did not exceed its authority or act contrary to law by adopting a policy that bases the Stephens-Day homestead exemption on the fair market value of rehabilitated historic property after the expiration of the preferential assessment period rather than on the fair market value as of the effective date of the Stephens-Day homestead exemption. We disagree.

"The cardinal rule in construing a legislative act is to ascertain the legislative intent and purpose in enacting the law, and then give it that construction which will effectuate the legislative intent and purpose." (Punctuation omitted.) *Cox v. Fowler*.[5] "Statutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation." (Punctuation omitted.) *Trax-Fax, Inc. v. Hobba*.[6] "If the language is plain and does not lead to any absurd or impractical consequences, the court simply construes it according to its terms and conducts no further inquiry." (Punctuation omitted.) *City of Atlanta v. Clayton*

---

[5] *Cox v. Fowler*, 279 Ga. 501, 502 (614 SE2d 59) (2005).
[6] *Trax-Fax, Inc. v. Hobba*, 277 Ga. App. 464, 466 (2) (a) (627 SE2d 90) (2006).

*County Bd. of Tax Assessors*.[7] Furthermore, "all statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it; they are to be construed in connection and in harmony with existing law." (Punctuation omitted.) *Lamad Ministries v. Dougherty County Bd. of Tax Assessors*.[8]

In this matter, the plain and unambiguous language in both the RHPPA and the Stephens-Day homestead exemption does not preclude the simultaneous application of both acts. Contrary to the BOA's position, the Stephens-Day homestead exemption does not preclude its application to property covered by other exemptions or preferential assessments. In fact, as previously noted, the act provides that "[t]he homestead exemption . . . shall be in addition to and not in lieu of any other homestead exemption applicable to county ad valorem taxes for county purposes." Ga. L. 1999, pp. 4212-4213, § 1 (f). Although the act specifically addresses other homestead exemptions, rather than preferential assessments, it nevertheless demonstrates that the legislature did not intend to exclude property covered by preferential assessments. Indeed, if the legislature had sought to limit taxpayers such as Bock to one exemption, it would have used language that plainly created such a limitation. For instance OCGA § 48-5-47.1, which creates a homestead exemption for senior citizens with incomes below $30,000, provides that the "exemption granted by this Code section shall be in lieu of and not in addition to any other homestead exemption. . . ." OCGA § 48-5-47.1 (f). Where "the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." (Punctuation omitted.) *Berryhill v. Ga. Community Support & Solutions*.[9]

The BOA contends that the Stephens-Day homestead exemption was not meant to apply to property such as Bock's, which received a preferential assessment as a rehabilitated historic property, arguing that doing so would result in an improper double benefit. This contention is without merit. As noted, the language in the two acts belies the BOA's contention. Additionally, such an interpretation runs counter to the presumption that the legislature was aware of the RHPPA when it enacted the Stephens-Day exemption. See *Lamad Ministries*, supra, 268 Ga. App. at 801 (1). Moreover, applying

---

[7] *City of Atlanta v. Clayton County Bd. of Tax Assessors*, 284 Ga. App. 871, 876 (1) (645 SE2d 42) (2007).

[8] *Lamad Ministries v. Dougherty County Bd. of Tax Assessors*, 268 Ga. App. 798, 801 (1) (602 SE2d 845) (2004).

[9] *Berryhill v. Ga. Community Support & Solutions*, 281 Ga. 439, 442 (638 SE2d 278) (2006).

the exemption to Bock's property will not result in an unintended benefit to her. Bock did not request application of the Stephens-Day exemption until the expiration of the RHPPA. She simply requested that the assessed fair market value at the time that the Stephens-Day exemption became effective be reserved for her use. This requested assessment is the value that would have been applied to the property on the effective date of the Stephens-Day exemption if the BOA had determined that property assessed under the RHPPA was eligible for the exemption. In addition, the Stephens-Day exemption already adjusts for improvements made on a homestead and adds the increased value to the taxable fair market value of the property. See Ga. L. 1999, p. 4212, § 1 (b). The improvements that Bock made, which qualified her property for assessment under the RHPPA, will therefore be taxable under the Stephens-Day exemption. Thus, an interpretation in favor of Bock does not result in an absurd or unreasonable benefit to her.

Furthermore, as the trial court noted, preventing taxpayers from applying the Stephens-Day exemption to their property at the time that the act became effective undermines the purpose of the RHPPA, which is to provide an incentive for the historic preservation of property in Georgia. See generally OCGA § 48-5-7.2. Additionally, the Stephens-Day exemption, itself, is an acquisition-based assessment exemption. See Ga. L. 1999, p. 4212, § 1 (b). In a case involving a similar exemption, the Supreme Court of Georgia found that the purpose of such exemptions is "the encouragement of neighborhood preservation, continuity and stability, and the protection of the reliance interests of existing homeowners." (Citation omitted.) *Columbus-Muscogee County Consolidated Govt. v. CM Tax Equalization*.[10] Under the BOA's interpretation of the Stephens-Day exemption, owners of historic property needing rehabilitation will have little incentive to rehabilitate property because in doing so they risk a higher tax assessment. In fact, under the BOA's interpretation, Bock would be taxed more than if she had not made the improvements to her property and had instead just applied the Stephens-Day homestead exemption on its effective date. We are under no duty to accept "a construction of a statute which will result in unreasonable consequences or absurd results not contemplated by the legislature." *Haugen v. Henry County*.[11] Thus, allowing Bock to use the effective date of the Stephens-Day homestead exemption as the base year for the fair market value assessment of the property is most consistent

---

[10] *Columbus-Muscogee County Consolidated Govt. v. CM Tax Equalization*, 276 Ga. 332, 335 (2) (a) (579 SE2d 200) (2003).

[11] *Haugen v. Henry County*, 277 Ga. 743, 746 (2) (594 SE2d 324) (2004).

with the legislative purpose and intent behind both that act and the RHPPA.

In summary, we find that the plain and unambiguous language in both the RHPPA and the Stephens-Day homestead exemption does not preclude the simultaneous application of both acts. Therefore, we further find that the fair market value of Bock's property for ad valorem tax purposes under the Stephens-Day homestead exemption should be the fair market value, at which the property was assessed on January 1, 2001. Accordingly, we affirm the trial court's grant of summary judgment to Bock and its denial of summary judgment to the BOA.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JULY 17, 2009.

*Abda L. Quillian*, for appellant.
*Hunter, Maclean, Exley & Dunn, John M. Tatum, Rachel C. Young*, for appellee.