**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 18, 2023**

# In the Court of Appeals of Georgia

A22A1256. EMPIRE SOUTH REALTY ADVISORS, LLC et al. v. YOUNAN.

MILLER, Presiding Judge.

In this defamation case, plaintiffs Empire South Realty Advisors, LLC and Brad Church appeal from the trial court's order dismissing their complaint, contending that the trial court erred in concluding that Abraham Younan's statements about them were non-actionable expressions of opinion. We conclude that the trial court correctly found Younan's online review of the plaintiffs' company to be an expression of opinion, and we therefore affirm the dismissal of the plaintiffs' claim for libel. As to the plaintiffs' other claims, however, we reverse the trial court's decision and remand the case for further proceedings.

A motion to dismiss should only be granted if the allegations of the complaint, construed most favorably to the plaintiff, disclose with

certainty that the plaintiff would not be entitled to relief under any state of provable facts. In other words, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied.

(Citations and punctuation omitted.) *Infinite Energy, Inc. v. Pardue*, 310 Ga. App. 355, 355-356 (1) (713 SE2d 456) (2011).

So viewed, the record shows that Empire South Realty Advisors and Brad Church managed the Homeowners Association for the Black River community in Charlton County. In July 2021, Abraham Younan posted the following Google review of the plaintiffs:

Brad Church has done a terrible job managing our HOA. He has turned our board of directors against the home owners and convinced them to show animosity towards the people paying his salary. In the past year, the board has put up 4 or so signs warning of snakes or gators. That is it. I pay $660 a year for nothing. Brad tries to isolate the board from the homeowners, thereby running the HOA instead of just doing housekeeping and only helping when asked. Our HOA is dysfunctional and can only reach a quorum by lowering in half. Do not believe some of the complimentary post (sic). Buyer beware of you use him or get a New York lawyer, first (sic).

2

The Empire South and Church filed suit against Younan in the Superior Court of Charlton County, alleging that his Google review constituted libel. They also raised a claim of oral slander, alleging that Younan "has communicated with multiple people on multiple occasions during which he made several false and malicious statements that injured the Plaintiffs' reputation and exposed them to contempt, hatred, and ridicule." Additionally, the plaintiffs raised claims for intentional infliction of emotional distress and defamation per se, alleging that Younan had harmed their reputations with intentional statements and actions and that he had accused them of a crime.

Younan filed a motion to dismiss the complaint, arguing that the Google review did not constitute libel because it represented his opinion about how the plaintiffs were managing the HOA. Younan further argued that even if the review were libelous, it would constitute invited libel because the plaintiffs had made their business subject to Google reviews. The trial court granted Younan's motion to dismiss, reasoning that his statements in the Google review were expressions of opinion and were, therefore, not actionable as defamation. The plaintiffs then filed this appeal.

1. In related claims of error, the plaintiffs argue that the allegations in their complaint, if taken as true, state a claim for libel, and they also argue that most of the statements in Younan's Google review are capable of being proven false. We conclude that the trial court correctly dismissed the libel claim because the Google review consisted of expressions of opinion rather than statements of fact.

"A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." OCGA § 51-5-1 (a). A written defamatory statement is actionable as libel. *Smith v. DiFrancesco*, 341 Ga. App. 786, 788 (1) (802 SE2d 69) (2017). Nevertheless, "[a] defamation action will lie only for a statement of fact. This is because a statement that reflects an opinion or subjective assessment, as to which reasonable minds could differ, cannot be proved false." (Citation and punctuation omitted.) *Swanson Towing & Recovery, LLC v. Wrecker 1, Inc.*, 342 Ga. App. 6, 10 (2) (a) (802 SE2d 300) (2017). "An assertion that cannot be proved false cannot be held libelous . . . however unreasonable the opinion or vituperous the expressing of it may be." (Citation and punctuation omitted.) *Gast v. Brittain*, 277 Ga. 340, 341 (589 SE2d 63) (2003).

4

Reading Younan's Google review in its entirety, we conclude that the review did not consist of statements of fact and was, instead, an expression of Younan's negative opinions of the plaintiffs' management of the HOA. In the review, Younan stated that (1) Plaintiff Church had convinced the HOA's Board of Directors to show animosity towards the homeowners, and was now "running" the HOA; (2) Younan was not getting his money's worth from his HOA dues; and (3) others should not believe the complimentary reviews of the plaintiffs and should "beware" of the plaintiffs and retain a lawyer before engaging with them. None of these are statements of fact that can be proven false. Rather, they are Younan's subjective views on the plaintiffs' involvement with the HOA. See *McCall v. Couture*, 293 Ga. App. 305, 308 (2) (666 SE2d 637) (2008) (statements describing the treasurer of a board as a "weak link" who "should not be allowed to retain the responsibility of [his role] in light of his inability to manage his own finances" could not support an action for defamation); *S & W Seafoods Co. v. Jacor Broadcasting of Atlanta*, 194 Ga. App. 233, 234-235 (1) (390 SE2d 228) (1989) (defamation action could not lie based on "a series of critical and unflattering comments" that were not statements of fact); *Collins v. Cox Enterprises*, 215 Ga. App. 679, 680 (452 SE2d 226) (1994) (statement asserting that a candidate for public office changed his name in an effort to fool voters into

5

mistaking him for the current governor could not support a defamation action because it was merely speculation as to the motive for the candidate's behavior).

The plaintiffs attempt to analogize this case to *North Atlanta Golf Operations, LLC v. Ward*, 363 Ga. App. 259, 262-263 (2) (a) (i) (870 SE2d 814) (2022), but their reliance on that case is not persuasive. In *Ward*, we determined that a jury could find that the defendant's Twitter posts were defamatory because they contained "specific explanatory statements" as the basis for his opinion that a golf course was being mismanaged – namely, that grass on the course was dead and that the club's revenue and membership had dropped by 50 percent. Id. In this case, unlike in *Ward*, Younan did not make specific factual assertions to explain his negative opinions of the plaintiffs. Accordingly, the trial court properly dismissed the plaintiffs' libel claim.

2. In addition to the libel claim, the plaintiffs also raised claims of slander, intentional infliction of emotional distress, and defamation per se, all apparently based on separate statements Younan made. The trial court's order dismissed the entire complaint, so it dismissed these additional claims as well as the libel claim. See *Andemeskel v. Waffle House, Inc.*, 227 Ga. App. 887 (1) (490 SE2d 550) (1997) (trial court's order dismissed all of the claims in the complaint because the order purported to dismiss the complaint in its entirety). The trial court's dismissal order, however,

6

addressed only the Google review underlying the libel claim and did not engage in any analysis of why these additional claims were due to be dismissed. Further, neither Younan's motion to dismiss, the plaintiffs' response, nor either party's brief on appeal contains any substantive analysis of the slander, intentional infliction of emotional distress, and defamation per se claims. In fact, in a footnote on page 4 of their appellate brief, the plaintiffs express a mistaken belief that these claims are still pending in the trial court.

Under these circumstances, we are obliged to reverse the trial court's dismissal of these additional claims and remand the case so the trial court can address them. See *City Of Gainesville v. Dodd*, 275 Ga. 834, 839 (573 SE2d 369) (2002) (upholding the Court of Appeals' decision to decline to apply the right for any reason rule where certain arguments were not "properly briefed by all parties on appeal"); *Stanford v. City of Atlanta*, 361 Ga. App. 248, 254-255 (3) (863 SE2d 721) (2021) (declining to apply the right for any reason rule, reversing the trial court's order dismissing the complaint, and remanding for the trial court to reconsider the dismissal of the plaintiff's claims).

*Judgment affirmed in part and reversed in part and case remanded. Rickman, C. J., and Pipkin, J., concur.*